ATTORNEY FOR APPELLANT
Michael R. Fisher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
May 22 2008, 3:13 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S04-0711-CR-516

ROSALIO PEDRAZA,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, Criminal Division 1, No. 49G01-0508-FB-139250
The Honorable Tanya Walton-Pratt, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-0609-CR-529

**May 22, 2008**

**Shepard, Chief Justice.**

Appellant Rosalio Pedraza contends that the trial court improperly used the same prior conviction both as an element of one of his present offenses and as an aggravating circumstance supporting an increased sentence. We conclude that under Indiana's new "advisory" sentencing scheme, such use of a prior conviction does not amount to an impermissible double enhancement.

**Facts and Procedural History**

Around midnight on August 13, 2005, appellant Rosalio Pedraza drove through a red light at a traffic intersection in front of the White River Gardens in Indianapolis. His SUV struck another vehicle containing five people who had just left a wedding reception. Two of the passengers died; one was seriously injured.

At the scene of the accident, Pedraza appeared confused and had bloodshot, watery eyes. He slurred his speech and smelled strongly of alcohol. Both empty beer cans and full ones lay strewn about the interior of his vehicle. A blood alcohol test revealed Pedraza's blood alcohol content was 0.26. Additional tests revealed cocaine metabolites in his bloodstream. Pedraza later admitted that he had been drinking since the day before and had consumed about fifteen beers that day.

A jury found Pedraza guilty on numerous counts. During sentencing, the trial court noted the following aggravating circumstances: (1) Pedraza's criminal history; (2) his need for rehabilitation and the failure of prior attempts to rehabilitate; and (3) the nature and circumstances of the present offenses. The court found as mitigation Pedraza's expression of remorse at sentencing and his admission he had consumed fifteen beers at the time of the offense. The court found that the aggravators and mitigators applied to all of the counts and that the aggravators outweighed the mitigators. (Tr. at 306-09.)

The court sentenced Pedraza as follows: (A) Count II: Operating a motor vehicle with a B.A.C. of greater than 0.15, causing death, a class B felony, enhanced by being an habitual substance offender, twenty-six years in prison; (B) Count V: Operating a motor vehicle with a B.A.C. of greater than 0.15, causing death, a class B felony, eighteen years; and (C) Count XI: Operating a motor vehicle while intoxicated (OWI) causing serious bodily injury, with a conviction for OWI within the past five years, a class C felony, eight years. (App. at 15, 19-20; Tr. at 306-09.) The court ordered consecutive sentences, resulting in an aggregate penalty of fifty-two years. (Tr. at 309.)

Pedraza appealed, arguing in part that the trial court improperly used the same prior convictions both to elevate Count XI to a class C felony and as an aggravating circumstance in choosing the sentence on Count XI.  The Court of Appeals affirmed.  Pedraza v. State, 873 N.E.2d 1083 (Ind. Ct. App. 2007).  We granted transfer.

## Double Enhancements in Indiana Criminal Sentencing

Indiana policy on double enhancements in criminal sentencing has a brief but winding history, involving decisions by both the legislature and the courts.  As Justice Sullivan noted last year, the General Assembly has reacted to court decisions on double enhancement sometimes by explicitly authorizing it and sometimes by prohibiting it.  See Mills v. State, 868 N.E.2d 446, 451 (Ind. 2007).[1]

A significant statutory shift occurred in 2005, when the General Assembly revised our criminal sentencing scheme.  Before the 2005 legislation, Indiana used "presumptive" sentences.  Sentencing decisions began with the fixed presumptive sentence for a given crime, which could then be increased or decreased based on additional findings.  We held this scheme unconstitutional, Smylie v. State, 823 N.E.2d 679 (Ind. 2005), following the U.S. Supreme Court decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).

The General Assembly responded by eliminating fixed presumptive terms in favor of "advisory" sentences for each offense.  It declared that a court could impose any sentence within the statutory range set for the crime, "regardless of the presence or absence of aggravating circumstances or mitigating circumstances."  Ind. Code Ann. § 35-38-1-7.1(d) (West 2007).  See also Anglemyer v. State, 868 N.E.2d 482, 488 (Ind. 2007).  Trial judges must provide a

---

[1] Cf. Shirley S. Abrahamson and Robert L. Hughes, Shall We Dance?  Steps for Legislators and Judges in Statutory Interpretation, 75 Minn. L. Rev. 1045, 1055 (1991) (describing the interplay of court decisions followed by legislative action followed by additional court decisions as a kind of "dialogue").

statement of reasons for a given sentence if they find aggravating or mitigating circumstances. Ind. Code Ann. § 35-38-1-3.

Indiana sentencing used to be a two-step process – imposing of the presumptive sentence, then deciding whether any aggravators or mitigators warranted deviation. After the 2005 modifications, it consists of only one discretionary determination. Thus, a sentence toward the high end of the range is no longer an "enhanced sentence" in the sense that the former regime provided. Moreover, while the trial court must still list in its sentencing statement those reasons it finds relevant to the sentence, the correlation between those factors and the given sentence is not as precisely tailored as it was under the presumptive sentencing scheme.

These changes are significant enough to affect our double enhancement jurisprudence. Although Pedraza complains of only one improper double enhancement, we see three sentencing phenomena in his case that merit discussion.

*A. Aggravator and Habitual Offender Status Based on Same Prior Conviction.* In Ross v. State, 274 Ind. 588, 413 N.E.2d 252 (Ind. 1980), this Court first confronted a claim of improper double enhancement. Ross claimed that the use of his prior criminal record both as an aggravating circumstance and as support for habitual offender status constituted double punishment that violated the proscription against double jeopardy. We affirmed the sentence because his prior convictions were only one aggravating factor among others in the trial court's sentencing decision.

Thereafter, we held that a history of criminal activity used as proof for a habitual offender finding cannot also be the sole aggravating circumstance used to enhance a sentence. McVey v. State, 531 N.E.2d 458, 461 (Ind. 1988). Four years later, we explained that "it is permissible for the trial court to consider the same prior offenses for both enhancement of the instant offense and to establish habitual offender status." Jones v. State, 600 N.E.2d 544, 548 (Ind. 1992). These declarations obviously stand in some tension.

4

Ross, McVey, and Jones applied to presumptive sentences that were enhanced by the presence of aggravating circumstances. Under the 2005 statutory changes, trial courts do not "enhance" sentences upon finding such aggravators. Consequently, we conclude that when a trial court uses the same criminal history as an aggravator and as support for a habitual offender finding, it does not constitute impermissible double enhancement of the offender's sentence. Whether a sentence on the higher end of the sentencing range is appropriate under such circumstances will vary from offense to offense and from one prior criminal record to another.

The trial court did not err in Pedraza's case on this score.

B. *Aggravator and Elevated Criminal Charge Based on Same Prior Conviction.* Another rule established early on in this field provides that a material element of a crime may not also form an aggravating circumstance to support an enhanced sentence. Townsend v. State, 498 N.E.2d 1198, 1201 (Ind. 1986). For the same reasons we stated above, based on the 2005 statutory changes, this is no longer an inappropriate double enhancement. Still, a trial court that imposed a maximum sentence, explaining *only* that an element was the reason, would have provided an unconvincing reason that might warrant revision of sentence on appeal.[2]

In Pedraza's case, the jury convicted him of OWI causing serious bodily injury, an element of which is having an OWI conviction in the last five years. The prosecution relied on Pedraza's OWI conviction from 2001 to satisfy this requirement. The trial court then listed Pedraza's criminal history, consisting of the 2001 OWI conviction and another OWI in 2003, as an aggravating circumstance for the same count. Because the new sentencing scheme authorizes imposition of a given sentence "regardless of the presence or absence of aggravating circumstances or mitigating circumstances," the trial court did not err when it listed Pedraza's prior OWI convictions for both purposes.

C. *Habitual Offender Status and Enhanced Criminal Charge on Separate Counts.* In another case we decide today, we conclude that where enhancements of separate counts are

---

[2] For example, a maximum burglary sentence based solely on the opening of an unlocked screen door would be much less appropriate than one committed by obliterating a locked wooden door with a battering ram.

based on the same prior conviction, ordering these sentences to run consecutively does constitute an improper double enhancement, absent explicit legislative authorization. Sweatt v. State, No. 49S02-0805-CR-290, ___ N.E.2d ___ (Ind. May 22, 2008).

Here, the trial court used the same 2001 OWI conviction to elevate Count XI to a class C felony and enhance Count II because of Pedraza's status as a habitual substance offender. The court then ordered these sentences to run consecutively. In accord with our decision in Sweatt, we direct the trial court to resentence Pedraza such that the 2001 conviction is not used for both purposes in consecutive sentences.

## Conclusion

The Court of Appeals correctly rejected Pedraza's other allegations of error. Ind. Appellate Rule 58(A). But for the resentencing just mentioned, we affirm the decision of the trial court.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.

6