BOEHM, Justice,
concurring in part and dissenting in part.
I respectfully dissent. In Pedraza v. State, No. 49S04-0711-CR-516, 2008 WL 2133925, 887 N.E.2d 73 (Ind. May 22, 2008), also decided today, this Court holds that the same prior conviction may serve to elevate a charge and as an aggravating circumstance at sentencing. In this case, the majority holds that the same prior felony may constitute an element of the crime of unlawful possession of a firearm by a serious violent felon, Ind.Code § 35-47-4-5 (2004), and also support a finding that the defendant is a habitual criminal under section 35-50-2-8. Op. at 84-85. But the majority holds that if the two convictions occur in the same trial, consecutive sentences cannot be imposed. Id. at 84. For several reasons, I do not believe the statutes support the second conclusion.
First, the majority’s view eliminates altogether the practical effect of the crime of possession of a firearm by a serious violent felon in every case in which it is tried with an A felony or a murder and the defendant has two prior felonies, one of which is violent as the statute defines that term. This is the case in many attempted murders, armed robberies, rapes, and murders. Whenever we have such a case, the general habitual offender statute, Ind. Code § 35-50-2-8, prescribes an additional sentence of not less than the advisory sentence for the underlying felony, not to exceed 30 years. Thus, the habitual enhancement for an A felony or murder (with advisory sentences of 30 and 55 years) would be 30 years. Id. §§ 35-50-2-3, -4. The maximum sentence for possession of a firearm by a serious violent felon, a B felony, is 20 years. Id. § 35-50-2-5. If this sentence cannot be consecutive to an A or B felony with at least 20 years added for the habitual enhancement, the possession count will have no effect at all.
Moreover, the general habitual offender statute not only authorizes the trial judge to impose an enhanced sentence for habitual criminals (i.e., those with two prior felony convictions), it directs it:
The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.
Id. § 35-50-2-8(h) (West Supp.2007). Thus, even if the accompanying crime is less than an A felony, the statute requires a finding of habitual offender status to result in an additional sentence of at least the advisory for the underlying crime. It in effect mandates priority of the habitual offender enhancement over consideration of consecutive or concurrent sentences. If possession by a serious violent felon cannot be imposed consecutively to a sentence enhanced under the general habitual offender statute, then once again the possession statute is rendered meaningless.
I agree that the issue presented in this case turns on statutory interpretation, and *86 the language of the relevant statutes gives little direct guidance. It seems to me, however, that the legislature that mandated an enhanced sentence for habitual criminals did not intend that provision to eliminate the penalty for another crime. Further evidence that the legislature intended that separate crimes involving firearms receive independent sentencing significance is found in section 35-50-l-2(e) (2004), which requires the five-year additional term for use of a firearm in felonies defined in section 35-50-2-11 to be served consecutively to the term for the underlying offense.
Second, I do not think the majority’s result is dictated by precedent, even if we assume pre-2005 precedent is relevant under the current sentencing statutes. There is no underlying crime of possession of a firearm that is elevated by the defendant’s status as a convicted serious violent felon. To be unlawful in the hands of a non-felon, the possession must be of a handgun (not any firearm), unlicensed, and not in the possessor’s home or business. Id. § 35-47-2-1. So the prior violent felony conviction, for rape in this case, does not elevate another crime — it is one of the elements that define a separate crime. And, as we hold today in Pedraza, an element of one crime may also be cited by the trial judge as a reason for exercise of the judge’s discretion to impose a longer sentence for another, even if the two are tried in the same case.
Third, I do not agree with the majority that attaching the habitual offender enhancement to a different felony in the same case is a distinction without a difference. If the prior serious felony served to enhance an underlying crime, and the same prior offense served to support the habitual offender enhancement, then I would agree that running the two consecutively by reason of the same prior conviction would be problematic. But for the reasons given, I view the prior felony as an element of an underlying crime, not as an enhancement of the penalty for otherwise criminal activity. It is therefore permissible for the trial judge to impose consecutive sentences. Whether it is appropriate to do so in this case is of course a different matter. As I understand the facts of this case, the trial court’s judgment to impose consecutive sentences seems well within the range of appropriateness.
Finally, I assume the majority’s holding applies only if the serious violent felon count is tried jointly with another crime. If so, it would result in different sentences depending on whether the serious violent felon count was tried separately from the other felony count. The use of a handgun in a crime is distinct from its possession, and double jeopardy does not bar a conviction for both. Guyton v. State, 771 N.E.2d 1141, 1143 (Ind.2002) (“Carrying the gun along the street was one crime and using it was another.” (quoting Mickens v. State, 742 N.E.2d 927, 931 (Ind.2001))). Similarly here, the possession of a firearm by Sweatt, a serious violent felon, is distinct from its use in the burglary of which he was convicted, and the murder of which he was acquitted. There is no evidence that Sweatt purchased the handgun as part of the same scheme to burglarize the Clark-son residence. Rather, Sweatt and his companions had been watching television, listening to music, having a “rappin” contest, and unsuccessfully trying to get into a night club before going to the Clarkson residence, where Sweatt used a handgun he already possessed. Accordingly, even if the firearm was used in another crime, possession could have been charged in a separate information or indictment and proved without presenting evidence relating to the use of the firearm. See I.C. §§ 35-34-1-9, -10 (requiring joinder only when offenses are “based on the same *87 conduct or on a series of acts connected together or constituting parts of a single scheme or plan” unless the “interests of justice” require otherwise). The sentence from the separate trial could be ordered to run consecutively to the term from the previous trial. Id. § 35 — 50—1—2(c).
In practice, judging from the' cases we see, the possession charge is often joined with other crimes, and it is the defendant who seeks severance of the possession charge to avoid prejudice from the jury’s being told that the defendant has been designated a “serious violent felon.” See Hines v. State, 801 N.E.2d 684, 635 (Ind. 2004) (requiring bifurcated trial, if requested, or acceptance of defendant’s stipulation as to prior conviction because of the prejudice arising from evidence of a prior conviction). Under the majority’s opinion, the defendant would have to choose whether to guarantee a concurrent sentence but allow the jury to hear that he is a “serious violent felon” in a joint trial, or avoid the “serious violent felon” designation but risk a consecutive sentence in a separate trial. If joinder for trial has the effect of precluding consecutive sentences for the possession count and the underlying offense enhanced under the habitual offender statute, the parties and the trial court will be forced to consider the effect of a joint trial on the maximum aggregate sentence. I would think the penal consequences of these crimes, if convictions are obtained, should not be driven in either direction by the joinder decision.
DICKSON, J., concurs.