Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**SCOTT L. WEBB**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Mar 02 2012, 9:08 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS L. LEWIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1108-CR-744 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0912-FC-263

**March 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dennis Lewis pleaded guilty as charged to Operating a Motor Vehicle with an ACE of .08 or More,[1] a class C misdemeanor; Operating a Vehicle While Intoxicated,[2] a class A misdemeanor; Disregarding a Stop Sign,[3] a class C infraction; and Operating a Motor Vehicle with and ACE of .08 or more,[4] a class C felony. Lewis was subsequently sentenced on the C felony to a term of six years imprisonment. On appeal, Lewis presents one issue for our review: Did the trial court abuse its discretion in sentencing Lewis?

We affirm.

The following facts are taken from the factual basis presented at the guilty plea hearing:

> If these [sic] case were to proceed to trial the State would be prepared to present evidence that proves beyond a reasonable doubt that on October 9, 2009, . . . Officer Cook of the Summitville Police Department observed Mr. Lewis drive a 1996 GMC Truck southbound on County Road 200. Officer Cook observed Mr. Lewis go through the stop sign located on the west, from Lake Street, and he stopped the vehicle. Officer Hanna of the Madison County Police Department arrived and smelled the strong odor, odor of alcoholic beverage on Mr. Lewis. Mr. Lewis agreed to the, a, an Alco sensor test was performed by Officer Hanna, which he tested point o nine (.09). And Mr. Lewis was then advised that the implied consent law which he agreed to take and there at the station he tested point one, one (.11). The evidence would also show that a review of Mr. Lewis' driving record shows that he had a prior conviction for operating while intoxicated causing death and or intoxicated causing serious bodily injury. Cause numbers for those, for those cases, 18C01-0304-FC-08 and 18C01-0304-FC-088, 18C01-0304-FC-08B. This all occurred in Madison County, Indiana.

*Transcript* at 82-83. Lewis added that he drank three beers at a tavern and that he consumed

---

[1] Ind. Code Ann. § 9-30-5-1 (West, Westlaw current through 2011 1st Regular Sess.).
[2] I.C. § 9-30-5-2 (West, Westlaw current through 2011 1st Regular Sess.).
[3] Ind. Code Ann. § 9-21-8-32 (West, Westlaw current through 2011 1st Regular Sess.).
[4] I.C. § 9-30-5-3 (West, Westlaw current through 2011 1st Regular Sess.).

2

the beers in thirty minutes "at the most." *Id*. at 99.

Lewis was charged with Count I, operating a motor vehicle with an ACE of .08 or more, a class C misdemeanor; Count II, operating a vehicle while intoxicated, a class A misdemeanor; Count III, disregarding a stop sign, a class C infraction; and Count IV, operating a motor vehicle with and ACE of .08 or more, enhanced to a class C felony based upon Lewis having a prior conviction for operating a vehicle while intoxicated causing serious bodily injury and/or causing death. On June 6, 2011, the day before trial was set to begin, Lewis pleaded guilty as charged without the benefit of an oral or written plea agreement.

The trial court held a sentencing hearing on July 12, 2011. In its written sentencing order, the trial court found as follows:

> The Court finds aggravation: (1) prior legal history with the death and injuries; (2) repetitive nature of criminal offense. The Court finds mitigation: (1) defendant pled guilty to the instant offense, saving the State the time and cost of trial; and (2) accepted responsibility.

*Appellant's Appendix* at 93. The trial court merged Counts I and II with Count IV, and thereafter sentenced Lewis to six years imprisonment for class C felony operating a motor vehicle with an ACE of .08 or more. The court assessed a $100 fine for Count III. This appeal ensued.

Lewis argues that the trial court abused its discretion in sentencing him to a term in excess of the advisory sentence for a class C felony.[5] "[S]entencing is principally a

---

[5] "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code Ann. § 35-50-2-6 (West, Westlaw current through 2011 1st Regular Sess.).

discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). A trial court may abuse its discretion if it fails to enter a sentencing statement, recites aggravating and mitigating circumstances that are not supported by the record, omits mitigating circumstances that are clearly supported by the record and advanced for consideration, or gives reasons for a sentence that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. Under Indiana's advisory sentencing scheme, a trial court may impose any sentence authorized by statute, regardless of the presence or absence of aggravating or mitigating circumstances. *Id*.; Ind. Code Ann. § 35-38-1-7.1(d) (West, Westlaw current through 2011 1st Regular Sess.). Thus, to this end, a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other and can no longer be said to have abused its discretion in failing to properly weigh such factors. *Id*.

As noted above, the trial court identified two aggravating factors and two mitigating factors in setting forth its decision to impose a six-year sentence for Lewis's class C felony OWI conviction. Of greatest significance to the court was Lewis's criminal history, which includes a 1981 felony rape conviction and convictions in 2004 for operating a vehicle while intoxicated causing death and/or serious bodily injury.[6] Lewis's challenge to his sentence is

---

[6] Our Supreme Court has held that a prior conviction can be used both to elevate a felony class for the present offense and be included as part of the defendant's criminal history so as to support an above-advisory sentence. *Pedraza v. State*, 887 N.E.2d 77 (Ind. 2008).

that the factors cited by the court "were equal in number and in balance in this situation." *Appellant's Appendix* at 9. While equal in number, the trial court was not obligated to give them equal weight. Indeed, a trial court is not required to give the same weight to mitigating factors that the defendant does. *Cotto v. State*, 829 N.E.2d 520 (Ind. 2005). The gist of Lewis's argument appears to be that the trial court abused its discretion in its balancing of the factors identified in support of the sentence imposed. As noted above, a trial court can no longer be said to have abused its discretion in failing to properly weigh such factors. *Anglemyer v. State*, 868 N.E.2d 482.

To the extent Lewis argues that the trial court failed to provide an adequate sentencing statement, we disagree. The trial court identified the aggravating and mitigating circumstances it considered in imposing the six-year sentence and adequately explained the sentence imposed. The trial court did not abuse its discretion in this regard.

Lewis also makes a passing reference to mitigating factors proffered on his behalf during the sentencing hearing but not identified by the trial court, but presents no cogent argument as their significance. *See Felder v. State*, 870 N.E.2d 554 (Ind. Ct. App. 2007) (to claim the trial court abused its discretion by overlooking proffered mitigating circumstances, defendant must show that the proffered mitigating circumstance is both significant and clearly supported by the record). Lewis has therefore waived his argument regarding such proffered mitigators. Ind. Appellate Rule 46(A)(8)(a).

Finally, we note that in one sentence of his description of our sentencing standard of review, Lewis cites the inappropriate standard found in Ind. App. Rule 7(B). Lewis, however, makes no argument regarding the inappropriateness of his sentence in light of his

character or the nature of the offense. Lewis has therefore waived any argument challenging the appropriateness of his sentence. *See Williams v. State*, 891 N.E.2d 621 (Ind. Ct. app. 2008); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007) ("revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character") (emphasis supplied).

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.