**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN C. BOHDAN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL A. COMBS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1209-CR-393 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1109-FB-210

**March 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Michael Combs appeals his conviction for Class B felony neglect of a dependent and his sentence for Class A felony child molesting, two counts of Class B felony neglect of a dependent, and Class D felony battery. We affirm.

## Issues

Combs raises two issues, which we restate as:

I.   whether the evidence is sufficient to sustain his conviction for Class B felony neglect of a dependent related to D.D.; and

II.  whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Facts

In August 2010, Shanna Vorndran and her children, two-year-old M.D. and one-year-old D.D., moved into a house in Fort Wayne with Combs, his sister, Anna Hogan, and Hogan's four children. M.D. had a speech delay and rarely talked. Vorndran worked at a Wendy's restaurant, but Combs and Hogan were not working. Combs and Hogan watched the children while Vorndran worked. After moving into the house, Vorndran started noticing more bruises on M.D. and D.D. and noticed that M.D. had a rash around his anus and injuries to his anus and penis. Vorndran, Hogan, and a neighbor had also seen Combs hit M.D.

On September, 14, 2010, Vorndran worked from approximately 11:45 a.m. until 5:00 p.m. Vorndran did not recall having contact with her children before she left for work. Combs and Hogan watched the children while Vorndran was working. When

2

Vorndran got home from work, she found D.D. on a bed, in pain, and with a swollen leg. Hogan said that D.D. had fallen out of his playpen. At approximately 10:00 p.m., Vorndran took D.D. to the hospital. Vorndran learned that D.D. had a spiral fracture of his femur, and he had surgery that night. The spiral fracture was inconsistent with a fall, and the Department of Child Services ("DCS") was contacted.

On September 15, 2010, Lanita Holder, a DCS family case manager, talked with Vorndran. Vorndran initially claimed that she and the children were living with her mother. However, Vorndran's mother reported that she had not seen Vorndran in months. When DCS family case managers and police officers arrived at Vorndran's house, they discovered that M.D. was filthy, covered with bruises, and had blood in his diaper. Combs claimed that M.D. had fallen out of the bathtub when he was watching him. DCS removed M.D. and Hogan's children from the residence. M.D. was examined at a sexual assault treatment center and at the hospital emergency room. The sexual assault nurse documented seventy-five injuries on M.D., including numerous bruises and abrasions on his body. M.D. had bruises and abrasions on his genitals and several tears to his anus, including one fresh tear. The anal injuries were consistent with more than one episode of anal intercourse or penetration by a blunt object. Hogan later reported to police that, on September 15, 2010, while Vorndran was at the hospital, she saw Combs having what appeared to be anal intercourse with M.D.

The State charged Combs with Class A felony child molesting of M.D., Class B felony neglect of dependent D.D., Class B felony neglect of dependent M.D., and Class D

felony battery of M.D.[1]  After a jury trial, Combs was found guilty as charged.  At the sentencing hearing, the trial court found Combs's lack of criminal history to be a mitigating factor.  The trial court found the following aggravating factors: the fact that Combs was a caretaker for the children and in a position of trust, the children's young age, the fact that there were multiple victims, and the nature and circumstances of the offenses.  The trial court sentenced Combs to forty years for the Class A felony child molesting conviction, ten years for each of the Class B felony neglect of a dependent convictions, and one and one-half years for the Class D felony battery conviction.  The trial court ordered the sentences to be served consecutively for an aggregate sentence of sixty-one and one-half years in the Department of Correction.  Combs now appeals.

**Analysis**

*I. Sufficiency of the Evidence*

Combs argues that the evidence is insufficient to sustain his conviction for Class B felony neglect of dependent D.D.[2]  When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility.  Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009).  "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence."  Id.  We will affirm if there is substantial evidence of probative value

---

[1] Vorndran pled guilty to two counts of Class B felony neglect of a dependent, and Hogan pled guilty to two counts of Class C felony neglect of a dependent.

[2] Combs does not appeal his remaining convictions.

4

such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

The offense of neglect of a dependent is governed by Indiana Code Section 35-46-1-4(a)(1), which provides that "[a] person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally . . . places the dependent in a situation that endangers the dependent's life or health . . . commits neglect of a dependent." The offense is a Class B felony if it results in serious bodily injury. Ind. Code § 35-46-1-4(b)(2). Combs argues the evidence is insufficient to show that he was caring for D.D. or that he knew of D.D.'s injury.

The State presented evidence that Combs was present in the home on September 14, 2010, and that Combs was the only adult present in the home for part of the day. D.D.'s injury would have been extremely painful during any movement, and Combs admitted to placing D.D. on the bed. Despite D.D.'s obvious injury, Combs did not seek medical treatment for him. In fact, Combs and Hogan took Vorndran's vehicle for approximately ninety minutes after she returned home from work, leaving her with no vehicle to transport D.D. to the hospital.

The evidence is sufficient to sustain Combs's conviction for the neglect of D.D. Combs's argument to the contrary is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do. See Bailey, 907 N.E.2d at 1005.

## II. Sentence

Next, Combs argues that his sixty-one and one-half year sentence is inappropriate in light of the nature of the offense and the character of the offender.[3] Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a

---

[3] The State argues that Combs waived this issue by failing to make an argument regarding the nature of the offense and the character of the offender. However, Combs does argue that his sentence is inappropriate under Indiana Appellate Rule 7(B). Thus, we will address the issue.

portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is horrific and disturbing. At the sentencing hearing, the investigating detective described this case as the most horrific that he had worked on because of the "savage brutality" that M.D. endured. Sentencing Tr. p. 9. Despite his knowledge of D.D.'s injury, Combs left one-year-old D.D. in agony for hours and failed to get medical attention for him. Combs brutally beat and sexually assaulted two-year-old M.D., leaving M.D. with possibly permanent physical damage. Although M.D. had seventy-five injuries, Combs did not seek medical attention for him.

As for the character of the offender, although Combs has no prior criminal record, we see no redeeming qualities that would warrant a reduction in his sentence. Combs completely abused his position as caregiver for the two small boys, but he argues that the trial court improperly used his position of trust or caregiver as an aggravator because it was an element of the offense for neglect. To the extent Combs is arguing that the aggravator was improper, we note that our supreme court held in Pedraza v. State, 887 N.E.2d 77, 80 (Ind. 2008), that, following the 2005 statutory sentencing changes, the use of a material element of a crime as an aggravating factor is "no longer inappropriate in light of the nature of the offense and the character of the offender double enhancement." Thus, Combs's argument fails.[4] At the sentencing hearing, the investigating detective testified that Combs displayed "nothin[g] but pure arrogance." Id.

---

[4] The State also properly notes that only the sentence for the child molesting conviction was enhanced, and Combs's position as a caregiver was not an element of that offense.

7

Combs argues that his sentence should be reduced based on <u>Buchanan v. State</u>, 767 N.E.2d 967 (Ind. 2002), in which our supreme court reduced a fifty-year-sentence for child molesting to forty years. We must disagree with Combs's assertion that the facts of <u>Buchanan</u> are similar to those here. <u>Buchanan</u> involved one molestation of a five-year-old child. Here, Combs was convicted of child molestation, battery, and the neglect of two young children with horrific injuries. Given the nature of the offenses and the character of the offender, we conclude that the sixty-one and one-half year sentence is not inappropriate.[5]

## Conclusion

The evidence is sufficient to sustain Combs's conviction for Class B felony neglect of D.D., and his sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.

---

[5] According to Combs, we should revise the consecutive sentences to concurrent sentences for the convictions related to M.D., i.e., the neglect, battery, and child molestation convictions, because there was "factual overlay" between the offenses. Appellant's Br. p. 19. To the extent this argument implicates a double jeopardy issue, we find the argument waived for failure to make a cogent argument. <u>See, e.g.</u>, <u>Shane v. State</u>, 716 N.E.2d 391, 398 (Ind. 1999) ("The failure to develop an argument results in a waiver of that argument.").