**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TERRY E. IACOLI**
Martinsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK A. ATHERTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1211-CR-537 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MORGAN CIRCUIT COURT
The Honorable Matthew G. Hanson, Judge
Cause No. 55C01-1204-FB-590

**August 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Mark Atherton appeals his forty-year sentence for Class B felony burglary and for being an habitual offender. We affirm.

## Issues

Atherton raises two issues, which we restate as:

I.   whether the trial court abused its discretion when it sentenced him; and

II.  whether his sentence is inappropriate.

## Facts

On April 30, 2012, Atherton took a significant amount of Xanax and broke into the Martinsville home of Victor and Amber Spina, who were at home asleep with their two children. Atherton took things out of the refrigerator, some money, and an iPod. Amber was awakened by the opening of the refrigerator door, and Victor chased Atherton out of the house.

Police eventually detained Atherton, who was charged with Class B felony burglary, Class D felony theft, and Class B misdemeanor criminal mischief. The State also alleged that Atherton was an habitual offender. Without the benefit of a plea bargain, Atherton pled guilty to the burglary charge and the habitual offender allegation, and the remaining charges were dismissed.

At the October 31, 2012 sentencing hearing, the trial court considered Atherton's criminal history and the fact that he violated "the sanctity of someone's own home" as aggravators. Tr. pp. 26-27. The trial court considered the fact that it was not a violent

2

crime and Atherton's guilty plea as mitigators. The trial court found that the aggravators outweighed the mitigators and sentenced Atherton to fifteen years on the burglary charge enhanced by twenty-five years for being an habitual offender, for a total sentence of forty years. Atherton now appeals.

## Analysis

### I. *Abuse of Discretion*

Atherton first argues the trial court abused its discretion when it sentenced him. We evaluate a sentence under the current "advisory" sentencing scheme pursuant to Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g by Anglemyer v. State, 875 N.E.2d 218 (Ind. 2007). The trial court must issue a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." Anglemyer, 868 N.E.2d at 491. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." Id.

At the sentencing hearing, there was evidence of the impact the crime had on the Spinas' children, who were home asleep when Atherton broke in and was chased out by Victor. In a letter, Victor explained that the family's sense of "security and stability has been taken away[.]" Ex. A. He stated that they now sleep with the lights on and that the children now keep baseball bats beside their beds at night. In sentencing Atherton, the trial court noted, "these people are affected forever." Tr. p. 25. The trial court later listed as an aggravator the intrusion on "the sanctity of someone's own home." Id. at 26-27.

3

Atherton argues that the trial court abused its discretion by considering the intrusion on the sanctity of someone's home as an aggravator because it was an element of the Class B felony burglary charge that he broke into a dwelling. In Pedraza v. State, 887 N.E.2d 77, 80 (Ind. 2008), however, our supreme court observed that, after the 2005 modifications to the sentencing scheme, "a sentence toward the high end of the range is no longer an 'enhanced sentence' in the sense that the former regime provided." The court concluded that using a material element of crime as an aggravator "is no longer an inappropriate double enhancement." Pedraza, 887 N.E.2d at 80. To the extent the trial court considered the breaking and entering of a dwelling as an aggravator, it is no longer an improper double enhancement under the new sentencing scheme.

Moreover, it is clear that the trial court was focused on the fact that dwelling was occupied by sleeping children when Atherton broke in, as opposed to the breaking and entering of an unoccupied dwelling. This was a proper assessment of nature and circumstances of the crime. The trial court did not abuse its discretion by considering the intrusion into the home as an aggravator.

## II. Inappropriateness

Atherton also argues that his forty-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to

that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

In considering the nature of the offense, Atherton asserts that it was a non-violent offense committed while he was under the influence of Xanax and not part of a well-conceived burglary. Although that might be the case, it is notable that the Spinas were asleep in their home and were awoken by Atherton opening the refrigerator. Moreover, Atherton's Xanax use does not mitigate the nature of the offense. Forty-three-year-old Atherton had been abusing Xanax since his early twenties. Although he had not taken it

5

in two years, on the night of the offense, he found a bottle when he was cleaning the bathroom and took so many that he blacked out and does not remember committing the offense.

As for the character of the offender, we recognize that Atherton pled guilty without the benefit of a plea agreement and apologized to the Spinas. Nevertheless, Atherton has an extensive criminal history which includes ten felony convictions and seven misdemeanor convictions and has been found to have violated probation on at least four occasions. Many of the convictions are alcohol or substance abuse related and others are for trespass, sexual battery, burglary, auto theft, and theft. Atherton testified that, as an adult, the longest he has been out of prison is two years, and even his attorney described his criminal history as "awful." Tr. p. 22. Based on Atherton's lengthy history of drug abuse and his extensive criminal history, he has not established that the total sentence of forty years for the Class B felony conviction and the habitual offender enhancement was inappropriate.

**Conclusion**

Atherton has not established that the trial court abused its discretion when it sentenced him or that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.