**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 12 2013, 5:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY HARRIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1211-CR-584 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
The Honorable Jeffrey L. Marchal, Commissioner
Cause No. 49G06-0610-FA-207078

**November 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Larry Harris appeals his sentence for one count of Class A felony child molesting. We affirm.

**Issue**

Harris raises one issue, which we restate as whether the trial court abused its discretion in sentencing him.

**Facts**

On October 26, 2006, the State charged fifty-three-year-old Harris with two counts of Class A felony child molesting. The first count was alleged to have occurred between July 28, 2004, and July 28, 2005, and the second count was alleged to have occurred between November 24, 2005, and December 25, 2005. Both counts involved A.L., who was twelve at the time of the allegation in Count I and thirteen at the time of the allegation in Count II.

In July 2007, Harris agreed to plead guilty to Count I, and the State agreed to dismiss Count II. Pursuant to the plea agreement, Harris's executed sentence was to be capped at thirty years. At the sentencing hearing, the trial court considered Harris's "extensive history of criminal activity" as an aggravator. Sent. Tr. p. 20. After listing eleven of Harris's adult convictions, the trial court stated, "I also note in aggravation the victim's age. She was twelve years at the time of the offense." Id. at 21. The trial court went on to state:

> I do find mitigating factors. First and foremost, he has accepted responsibility and avoided the cost and necessity of trial. I also am willing to give certain weight to the fact that

> he is not in the best of health. But quite frankly, that doesn't mean an awful lot when I weigh it against the other aggravators. All told, I find that the aggravating factors outweigh the mitigators so that imposition of a sentence above the advisory term is warranted.

Id. The trial court sentenced Harris to forty-five years with thirty years executed and fifteen suspended, five of which was to be served on probation. Harris belatedly appeals.

## Analysis

Harris argues that the trial court abused its discretion in sentencing him. We evaluate a sentence under the current "advisory" sentencing scheme pursuant to Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g by Anglemyer v. State, 875 N.E.2d 218 (Ind. 2007).[1] The trial court must issue a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." Anglemyer, 868 N.E.2d at 491. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." Id.

Harris contends that the trial court abused its discretion by considering the victim's age, a material element of the offense, as an aggravator. We are not persuaded. In Pedraza v. State, 887 N.E.2d 77, 80 (Ind. 2008), our supreme court observed that "sentencing used to be a two-step process—imposing of the presumptive sentence, then deciding whether any aggravators or mitigators warranted deviation." Since the 2005

---

[1] On appeal, Harris cites Anglemyer and the manner in which sentences are reviewed following the 2005 amendment of the sentencing statutes, and he makes no argument that he was sentenced under the presumptive sentencing scheme.

modification of the sentencing scheme, however, sentencing "consists of only one discretionary determination." Id. "Thus, a sentence toward the high end of the range is no longer an 'enhanced sentence' in the sense that the former regime provided." Id. According to Pedraza, based on the 2005 statutory changes, the consideration of a material element of crime as an aggravator "is no longer an inappropriate double enhancement." Id. Thus, to the extent the trial court considered an element of the offense as an aggravator, it is not an improper double enhancement.

Regardless, remand for resentencing is unnecessary because we are confident that the trial court would have imposed the same sentence had it not considered the victim's age as an aggravator. See Anglemyer, 868 N.E.2d at 491 (observing that, where a trial court has abused its discretion, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record."). Here, the trial court detailed Harris's criminal history, which spanned more than thirty years, and gave only passing reference to the victim's age. We believe the trial court was focused on Harris's criminal history, not the victim's age, when it crafted his sentence and, therefore, remand would be unnecessary even if the trial court improperly considered the victim's age as an aggravator.

## Conclusion

Harris has not established that the trial court abused its discretion in considering the victim's age as an aggravator. We affirm.

4

Affirmed.

CRONE, J., and PYLE, J., concur.