**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOHN P. WILSON**
Wilson & Wilson
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY L. DANIEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1306-CR-294 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Lance D. Hamner, Judge
Cause No. 41D03-1205-FA-3

**April 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

Jeffrey L. Daniel, found guilty of burglary, challenges the admission of certain evidence and his forty-five-year sentence. We affirm.

FACTS AND PROCEDURAL HISTORY

On August 31, 2011, Thomas and Madeline Harris, a couple in their 70s, returned home to find an unfamiliar pick-up truck in their driveway and the side door to their garage standing open. Thomas told Madeline to call 911 and get the license plate number of the truck, but Madeline refused. She told Thomas he could get the information while she went into the house.

Madeline approached the house and saw Daniel coming toward her through the garage door. They wrestled as she tried to stop him from getting away. Although Daniel was able to spring free after he hit Madeline in the stomach and on the arm and pushed her, Madeline still managed to grab his t-shirt and hold on until it ripped.

Meanwhile, Thomas was letting the air out of the truck's tires. When Daniel got away from Madeline, Thomas tackled him. The two men struggled, and eventually Daniel fled in his truck after throwing Thomas onto the gravel, injuring his arm. As Thomas was wrestling with Daniel, Madeline saw numerous items belonging to her and Thomas in the truck, several of which she was able to remove before Daniel fled.

The following day, police stopped Daniel in a truck matching the description and bearing the license plate number of the truck that had been at the Harris home. During the traffic stop, the police questioned Daniel about his possession and control of the truck, and Daniel told them he was the only person to have possession of his truck during the last few days.

2

The State charged Daniel with burglary resulting in bodily injury, a class A felony. Ind. Code § 35-43-2-1(2) (1999). Following a bench trial, the court found Daniel guilty as charged and sentenced him to forty-five years.

ISSUES

Daniel presents two issues for our review:

I.      Whether the trial court erred by admitting evidence that was obtained while Daniel was in police custody.

II.     Whether the trial court abused its discretion in sentencing Daniel to a term of forty-five years.

DISCUSSION AND DECISION

I. ADMISSION OF EVIDENCE

Daniel contends that the trial court erred by admitting evidence of his statements to police during the traffic stop. More particularly, Daniel asserts that when he was stopped by the police and questioned about his possession of the truck, he was in custody but was not advised of his *Miranda* rights.

The State argues that Daniel failed to preserve his claim of error by failing to properly object to the evidence at trial. To preserve such an error for appeal, a party must make a contemporaneous objection to the admission of the evidence in order to give the trial court the opportunity to make a final ruling on the issue in the context in which the evidence is introduced. *Wales v. State*, 768 N.E.2d 513, 525 (Ind. Ct. App. 2002), *aff'd on reh'g*, 774 N.E.2d 116 (2002), *trans. denied*.

Rather than making a pre-trial motion to suppress the evidence and then objecting prior to the admission of the evidence at trial, Daniel made his motion to suppress at trial

3

during his cross-examination of the officer *after* the evidence was already admitted. At that point in time, the evidence was already admitted and any claim of error by Daniel was not preserved for appeal.[1]

## II. ABUSE OF DISCRETION IN SENTENCING

Daniel's second claim is that the court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Id.* When imposing a sentence for a felony, a trial court must enter a sentencing statement and may abuse its sentencing discretion by: (1) failing to issue a sentencing statement; (2) finding aggravating or mitigating factors unsupported by the record; (3) omitting mitigating factors clearly supported by the record and advanced for consideration; or (4) considering reasons that are improper as a matter of law. *Id.* at 490-91.

Here, Daniel suggests that the trial court abused its discretion by using his entire criminal history as an aggravating factor. He contends that a criminal conviction cannot be considered an aggravating factor unless it relates to the current offense. A defendant's criminal history is a valid aggravating factor in sentencing. *Deloney v. State*, 938 N.E.2d

---

[1] Actually, Detective Robert Sexton testified at trial on this point. When asked by the prosecutor if he gave Daniel legal warnings before questioning him, Detective Sexton responded, "Yes I did. I read him his, uh, *Miranda* warnings off a card that I carry in my wallet." Tr. p. 72.

724, 732 (Ind. Ct. App. 2010), *trans. denied*. Moreover, Daniel's presentence investigation report reveals at least eight prior convictions, five of which are for burglary. Appellant's Supp. App. pp. 6-8.

Daniel also claims the trial court improperly used a factor constituting a material element of the offense as an aggravating circumstance, specifically the injuries sustained by Thomas and Madeline. This is not improper under Indiana's present sentencing scheme. In *Pedraza v. State*, 887 N.E.2d 77 (Ind. 2008), our Supreme Court held that under the advisory sentencing scheme a material element of an offense may be an aggravating circumstance. *Id.* at 80.

Finally, Daniel argues that had the court properly weighed the mitigating factors against the aggravating factors, he would have received the advisory sentence of thirty years. He further asserts that although the court acknowledged his progress with his drug problem, it did not give that mitigating circumstance the weight it deserved. Inasmuch as trial courts are no longer obligated to weigh aggravating and mitigating factors against each other when imposing a sentence, a contention about erroneous weighing does not make out a claim for abuse of discretion. *Anglemyer*, 868 N.E.2d at 491.

CONCLUSION

We therefore affirm Daniel's conviction and sentence for robbery.

Affirmed.

RILEY, J., and BAILEY, J., concur.

5