**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EMMANUEL WINTERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  79A02-1312-CR-1050 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1303-FB-11

**July 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pursuant to Indiana Post-Conviction Rule 2, Emmanuel Winters ("Winters") belatedly challenges the twenty-year sentence imposed following his plea of guilty to Robbery, as a Class B felony,[1] and his admission that he is a habitual offender.[2] We affirm.

**Issues**

Winters presents two issues for review:

I.      Whether the trial court abused its discretion by considering an improper aggravator; and

II.     Whether his sentence is inappropriate.

**Facts and Procedural History**

On September 24, 2013, Winters pled guilty to Robbery, as a Class B felony. He admitted his status as a habitual offender, having prior unrelated felony convictions for Receiving Stolen Property and Strangulation. On October 16, 2013, the trial court imposed upon Winters a ten-year sentence, enhanced by ten years due to his status as a habitual offender. This appeal ensued.

**Discussion and Decision**

Upon conviction of a Class B felony, Winters faced a sentencing range of six years to twenty years, with the advisory sentence being ten years. See Ind. Code § 35-50-2-5. Upon his adjudication as a habitual offender, he faced a sentencing enhancement of between ten years and thirty years. See Ind. Code § 35-50-2-8.

---

[1] Ind. Code § 35-42-5-1.

[2] I.C. § 35-50-2-8.

Winters received the advisory sentence for his Class B felony conviction, enhanced by the minimum term of years. In imposing this sentence, the trial court found as aggravating: the injury suffered by the victim was significant and greater than the elements necessary to prove the offense, Winters' criminal history, and his violation of the conditions of probation. In mitigation, the trial court found that Winters had pled guilty, he had taken advantage of rehabilitation programs while incarcerated, he was remorseful, and he had experienced a difficult childhood.

Winters presents two sentencing challenges, first arguing that the trial court abused its discretion by considering an improper aggravator, and second arguing that his sentence is inappropriate.

Aggravating Circumstance

One who knowingly or intentionally takes property from another person or from the presence of another person by using or threatening the use of force on any person or by putting any person in fear commits Robbery, a Class C felony. I.C. § 35-42-5-1. The offense is elevated from a Class C felony to a Class B felony if it is committed by means of a deadly weapon or results in bodily injury to any person other than a defendant. Id.

Winters challenges the trial court's determination that the injury suffered by the victim was significant and greater than the elements necessary to prove the offense. He concedes that he used a firearm to rob a liquor store employee, and his offense was elevated from a Class C felony to a Class B felony on this basis. He then claims that the trial court considered a material element of the crime to aggravate his offense.

3

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. Id. at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491.

The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id. A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Hollin v. State, 877 N.E.2d 462, 464 (Ind. 2007).

Here, the trial court's sentencing statement provides in pertinent part:

In terms of aggravating factors, the injury to the victim is significant and greater than the elements necessary to prove the commission of the offense. The charge doesn't include the injury – Count Two was the injury, but you are pleaded out of that and the victim was struck hard and hurt, fortunately not seriously.

(Tr. 32.)

In Pedraza v. State, 887 N.E.2d 77, 80 (Ind. 2008), our supreme court clarified that the consideration of a material element of a crime as an aggravator "is no longer an inappropriate

4

double enhancement." This is because, since the 2005 modification of the sentencing scheme, sentencing "consists of only one discretionary determination." Id. Regardless, the seriousness of the offense, implicitly including the nature and circumstances of the crime as well as the manner in which the crime is committed, has long been held to be a valid aggravating factor. Gomillia v. State, 993 N.E.2d 306, 310 (Ind. Ct. App. 2013) (citing Anglemyer, 868 N.E.2d at 492). Moreover, where a plea agreement lacks language prohibiting the trial court from considering dismissed enhancements or the original charges from which a lesser plea is taken, "it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them." Bethea v. State, 983 N.E.2d 1134, 1145 (Ind. 2013).

Winters admitted the truth of the following facts. He entered the Tower Liquor Store on Creasy Lane in Lafayette with the intention of taking money from the store. While he was armed with a deadly weapon, Winters threatened clerk Dennis Buck and compelled him to open the cash register and hand over the money. Buck testified that Winters struck him on the back of the head so hard that he "saw stars." (Tr. 24.) Buck sustained a "pretty big" lump, received medical attention at a hospital, and suffered tenderness for two weeks. (Tr. 24.)

The trial court properly considered the circumstances of the offense, including Buck's injury, as an aggravator.

Appropriateness of Sentence.

5

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Indiana Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" Anglemyer, 868 N.E.2d at 494 (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

As for the nature of the offense, Winters entered a liquor store where two employees were on duty, with the intention of committing a robbery. Winters pressed his handgun against Buck's head and forced Buck to open the cash register. Complaining that Buck was "taking too long," Winters struck Buck in the head with the handgun. (Tr. 23.) This resulted in Buck having a "goose egg" on his head. (Tr. 24.) After treatment at the hospital, Buck experienced tenderness for two weeks.

As to the character of the offender, Winters has a history of juvenile and criminal offenses. He has been arrested on six occasions for domestic battery.[3] He has previously

---

[3] Several of the domestic battery charges were dismissed; only one resulted in a criminal conviction. A record

6

violated probation. He pled guilty and exhibited remorse. He completed a GED program while incarcerated.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## Conclusion

Winters has not shown that the trial court abused its sentencing discretion or that his advisory sentence, with the minimum habitual offender enhancement, is inappropriate.

Affirmed.

KIRSCH, J., and MAY, J., concur.

---

of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense and thus it may not be properly considered as evidence of criminal history. Cotto v. State, 829 N.E.2d 520, 526 (Ind. 2005). However, a record of arrest may reveal that a defendant has not been deterred even after having been subject to police authority and the arrest record may be relevant to the defendant's character in terms of the risk of committing another crime. Id.