## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Nov 20 2015, 7:55 am

Kevin S. Smith

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy R. Blazier,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 20, 2015

Court of Appeals Case No.
84A01-1504-CR-131

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1404-FA-900

**Baker, Judge.**

Timothy Blazier appeals the sentence imposed by the trial court for his convictions for class A felony Child Molesting,[1] class A felony Attempted Child Molesting,[2] class C felony Criminal Confinement,[3] and class D felony Battery Resulting in Bodily Injury.[4] Blazier argues that the trial court abused its discretion by imposing consecutive sentences and that the aggregate 114-year sentence is inappropriate in light of the nature of the offenses and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

In the spring of 2014, five-year-old M.E. lived with her family at the Econolodge Motel in Terre Haute. Blazier also lived at that motel. On March 31, 2014, Blazier stopped by the family's room to speak with M.E.'s stepdad, and when Blazier looked into the room, he saw M.E. Having seen the child, Blazier began fantasizing about abducting her and having sexual intercourse with her.

On April 1, 2014, M.E. was playing outside with her brothers. Around dinner time, M.E. and eight-year-old P.E., one of her brothers, were walking towards some trees when P.E. saw Blazier. Blazier heard M.E. telling P.E. that she was cold and he offered to give her a shirt. P.E. began climbing a tree nearby when

---

[1] Ind. Code § 35-42-4-3.

[2] I.C. § 35-42-4-3; Ind. Code § 35-41-5-1.

[3] I.C. § 35-42-3-3.

[4] I.C. § 35-42-2-1.

he heard a door slam and turned around; he realized that his sister was gone. P.E. went to Blazier's room and knocked on the door. No one answered, but P.E. heard his sister crying followed by two loud bangs inside the room. P.E. banged on the door and tried to open it but was unsuccessful, so he ran to get his mother to help.

[4] After Blazier pulled M.E. inside his motel room and slammed the door, he pulled down the child's shorts and underwear. Blazier then took his penis out of his pants and positioned himself on top of M.E. Blazier struck M.E. in the left ear with a closed fist and licked her vagina.

[5] Meanwhile, P.E. told his mother and stepfather that M.E. was locked in a room; the three then ran to Blazier's room. They could hear M.E. screaming through the door. M.E.'s stepfather kicked and banged on the door to force it open. He was eventually able to get the door open, and M.E., who was screaming and crying, ran out of the room wearing only a shirt. M.E.'s mother grabbed the child and ran back to their room, immediately calling 911. M.E.'s stepfather entered the room, finding Blazier squatting on the floor with his hands over his head, muttering, "I didn't mean it." Tr. p. 342, 350.

[6] M.E. was eventually taken to a hospital, where she underwent a forensic examination. The forensic nurse had to sedate M.E. to complete the examination because M.E. was so traumatized and terrified. In six years of conducting pediatric examinations, the nurse has only had to sedate a child on two occasions. During the examination, the nurse observed bruising, redness,

and discoloration to M.E.'s left ear and redness to her buttocks and hip. M.E. later participated in a forensic interview, when she described what Blazier had done to her and identified him from a photo array as the man who had hurt her.

[7] While being interviewed by law enforcement officials, Blazier admitted that after he saw M.E. playing outside, he intended to bring her inside his room by herself and have sexual intercourse with her. Blazier admitted that he took his penis out of his pants, that he licked her vagina, and that he struck her in the left ear with a closed fist.

[8] On April 7, 2014, the State charged Blazier with class A felony child molesting, class B felony criminal deviate conduct, class A felony attempted child molesting, class B felony attempted rape, two counts of class C felony criminal confinement, and class D felony battery resulting in bodily injury. The State also alleged that Blazier is a repeat sexual offender. After a jury trial took place on January 23, 24, and 25, 2015, the jury found Blazier guilty as charged. Blazier admitted to being a repeat sexual offender.

[9] Blazier's sentencing hearing took place on March 25, 2015. Because of double jeopardy concerns, the trial court vacated a number of Blazier's convictions and entered judgment of convictions only on class A felony child molesting, class A felony attempted child molesting, class C felony criminal confinement, and class D felony battery resulting in bodily injury. The trial court found that the aggravators significantly outweighed the mitigators. It sentenced Blazier to fifty years for child molesting, with a ten-year enhancement for being a repeat sexual

offender; fifty years for attempted child molesting; two years for criminal confinement; and two years for battery. All sentences are to run consecutively, for an aggregate term of 114 years imprisonment. Blazier now appeals.

# Discussion and Decision

## I. Consecutive Sentences

First, Blazier argues that the trial court abused its discretion by imposing consecutive sentences. Under the advisory sentencing scheme, trial courts no longer have any obligation to weigh aggravators and mitigators against each other when imposing a sentence. *Richardson v. State*, 906 N.E.2d 241, 243 (Ind. Ct. App. 2009). Instead, a trial court may impose any sentence authorized by statute and must provide a sentencing statement that gives a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

Blazier directs our attention to our Supreme Court's decision in *Marcum v. State*, 725 N.E.2d 852 (Ind. 2000). In *Marcum*, our Supreme Court held that where the trial court concludes that aggravators and mitigators are in equipoise, there is no basis on which to impose consecutive terms. *Id.* at 864. Blazier insists that in this case, because the trial court elected to impose a less-than-advisory term on one of his convictions, it necessarily means that the aggravators do not outweigh the mitigators and, consequently, there is no basis for consecutive terms.

[12] We cannot agree. Initially, we note that we question whether *Marcum* still applies, given that it was decided under the presumptive sentencing scheme. Under that scheme, the trial court had to find at least one aggravating factor to impose consecutive sentences. *Id.* Under the advisory system, however, as noted above, the trial court need not weigh aggravators and mitigators and instead may impose any sentence authorized by statute after entering a sufficient sentencing statement. Consequently, we question whether the *Marcum* rule applies to sentences decided under the advisory sentencing scheme.

[13] Even if *Marcum* applies, however, Blazier's argument is unavailing. The trial court found five aggravating factors: (1) the harm suffered by M.E. was significant and greater than necessary to prove the offenses; (2) Blazier's criminal history, including prior sex offenses; (3) M.E.'s extremely young age of five years old; (4) Blazier committed the crimes within the hearing of eight-year-old P.E.; and (5) Blazier was on parole at the time he committed these offenses. The trial court acknowledged the following mitigators, but afforded them little weight: (1) Blazier's traumatic childhood, to which the trial court gave "very little weight," tr. p. 779; (2) Blazier's alcoholism, about which the trial court explained, "I'm not giving it very much weight," *id.* at 780-81; (3) Blazier permitted M.E.'s taped interview to be admitted into evidence rather than forcing her to testify in person, which the trial court found to be a "strategic" decision and concluded it is "not entitled to . . . much weight," *id.* at 781; and (4) Blazier admitted that he is a repeat sexual offender, which the trial court

found to be a strategic decision because his prior convictions are "pretty clear," *id.* Having considered the aggravators and mitigators, the trial court imposed the maximum fifty-year sentence for both of Blazier's class A felony convictions. It is readily apparent from both the sentencing statement and the sentence itself that the trial court in no way found that the aggravators and mitigators are in equipoise. Therefore, even if *Marcum* still applies, we would not reverse on this basis.

## II. Appropriateness

[14] Next, Blazier argues that the aggregate 114-year term is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[15] Blazier was convicted of two class A felonies. For each of these, he faced a term of twenty to fifty years, and for each of these, the trial court imposed a maximum fifty-year term. Ind. Code § 35-50-2-4.[5] Blazier was also convicted

---

[5] We apply the version of the sentencing statutes in place at the time Blazier committed the offenses.

of class C felony criminal confinement, for which he faced a term of two to eight years imprisonment. I.C. § 35-50-2-6. The trial court imposed a minimum term of two years imprisonment. Finally, Blazier was convicted of class D felony battery, for which he faced a sentence of six months to three years, with an advisory term of one and one-half years. I.C. § 35-50-2-7. The trial court sentenced Blazier to two years imprisonment for this conviction.

[16] Turning first to the nature of the offenses, Blazier targeted five-year-old M.E. in the days leading up to the crimes. On the day in question, he saw her playing outside, followed her, and, when she stated that she was cold, offered to help by giving her a shirt. He then abducted her with the admitted intent to have sexual intercourse with her. He forcibly removed her pants and underwear and positioned himself on top of her with his penis out of his pants. Blazier also punched M.E. in the face with a closed fist and licked her vagina. M.E. has suffered significant trauma as a result of Blazier's actions. She continues to experience extreme fear even though Blazier is incarcerated. She may experience the repercussions of these heinous acts for the rest of her life. We do not find that the nature of the offenses aids Blazier's argument.

[17] As for Blazier's character, he was convicted of child molesting in 1986 and sentenced to five years of probation. He was again convicted of child molesting in 2006 and sentenced to six years in the Department of Correction. Blazier has also been convicted of two counts of class D felony battery resulting in bodily injury, class D felony performing sexual conduct in the presence of a minor, and class D felony failure to register as a sex offender. He was on parole when

he committed the crimes at issue in this case. Notwithstanding Blazier's multiple past contacts with the criminal justice system, he has established an inability or unwillingness to reform his behavior. Despite years of struggling with alcoholism, which Blazier insists contributed to his actions herein, Blazier has never sought to get treatment for his addiction. Blazier's character evinces an individual who has no respect for the law or his fellow citizens, including the youngest and most vulnerable members of our society. We do not find that Blazier's character establishes that the sentence is inappropriate. In sum, we do not find that the aggregate sentence imposed by the trial court is inappropriate in light of the nature of the offenses and Blazier's character.

[18] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.