**Ryan RICHARDSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 84A04–0811–CR–654.

Court of Appeals of Indiana.

May 20, 2009.

John A. Kesler II, Terre Haute, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

Ryan Richardson received a fifteen-year sentence after pleading guilty to rape [1] and sexual misconduct with a minor. [2] The victim of these two class B felonies was his fifteen-year-old niece. On appeal, he challenges his sentence. Specifically, Richardson asserts that the court began its analysis from an incorrect starting point, abused its discretion by improperly weighing his guilty plea and his lack of serious criminal history, and ordered an inappropriate sentence. We affirm.

Indiana trial courts are required to enter sentencing statements whenever imposing a sentence for a felony offense. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218. The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id.* If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all *significant* mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.* Under the advisory sentencing scheme, trial courts no longer have any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence. *Id.* at 491. "[O]nce the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then 'impose any sentence that is ... authorized by statute; and ... permissible under the Constitution of the State of Indiana.'" *Id.* (citation omitted). "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Id.* at 490. A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

At an August 11, 2008 guilty plea hearing, the court outlined for Richardson the possible penalties for two class B felonies as follows:

---

1. Ind.Code § 35–42–4–1(a)(1).

2. Ind.Code § 35–42–4–9(a)(1).

You're pleading guilty to two Class B Felonies, the standard penalty for a Class B Felony is ten (10) years, to which could be added up to ten (10) years for aggravated circumstances such as a prior criminal record, or from which could be subtracted up to four (4) years for mitigating circumstances such as the lack of a prior criminal record, so there is a range of imprisonment for each of these offenses of from six (6) to twenty (20) years and a fine of up to ten thousand dollars ($10,000). If you were on probation or parole or were serving a term of imprisonment for another offense at the time that you committed these crimes, then any term of imprisonment which the court may impose for these offenses must be served consecutively to your prior sentence. Now, those are all of the possibilities, however, what happens will be left up to the court.

G.Pl. Tr. at 6–7. Although the State originally offered a fifteen-year term, Richardson's ultimate plea was an open one. *Id.* at 7.

At a sentencing hearing held on October 9, 2008, the court sentenced Richardson to serve a fifteen-year term and explained its rationale as follows:

I don't have the capacity to sentence [Richardson] to what in my opinion he deserves because the law places constraints on me. One of those constraints is that while he has pled guilty to two crimes, they are essentially—they essentially merge,[3] it's really one crime of rape, and the rest of it was just the deviate sexual conduct was really part of the lead up to the rape or the sexual misconduct, so he cannot receive legally consecutive sentences. Now, as to the sentence on each crime, Indiana Code 35–50–2–1.3 says that the advisory sentence, means the guideline sentence that the court may voluntarily consider as the midpoint between the maximum sentence and minimum sentence. While the maximum sentence here is twenty years, the minimum sentence is six, the difference between those is fourteen years. The midpoint therefore would be seven plus six is thirteen. . . . The fact that he *pled guilty* rather than put your daughter through a trial where she would be in front of twelve jurors and she would be cross examined is a consideration. On the other hand, *he does have a record, not a particular grievous one, but he was charged with a felony which was reduced to a misdemeanor* and I noticed there was a *probation violation* with that although it is not clear what happened to that and there are so many other things to consider in this, I mean whether it was in a grandmother's house or not, he was in a position of trust with this young lady as an uncle, a *position of trust that he grievously offended.* The fact that he went so far as to remove a tampon is just—to conduct this is just sickening, but I am constrained by law, so my sentence is as follows: According to the statute and my interpretation of the median sentence is thirteen years, and because I find the aggravating circumstances outweigh the mitigating circumstance, I enhance that by two years.

Sent. Tr. at 26 (emphases added). That same day, the court issued its written order sentencing Richardson to the Department of Correction "for a period of thirteen (13) years, with an enhanced sentence of two (2) years due to his prior criminal record for a total of fifteen (15) years[.]" App. at 15.

---

**3.** We address the "merger" in our final footnote.

We first address Richardson's contention that the court erred by beginning its sentencing analysis with thirteen years rather than with ten years. *See* Appellant's App. at 5–9 (citing Ind.Code § 35–50–2–5: "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years."). That is, Richardson maintains that the court should have started its calculation at ten years and then moved up or down based upon aggravators or mitigators. This novel argument highlights an oddity within Indiana's revised sentencing statutes that has not yet been addressed by Indiana appellate courts.

In response to the Sixth Amendment problem presented in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), our legislature significantly modified Indiana's sentencing statutes in 2005. *See Anglemyer*, 868 N.E.2d at 489. One of the 2005 sentencing changes was the enactment of the following new statute: "For purposes of section 3 through 7 of this chapter, 'advisory sentence' means a *guideline* sentence that the court *may voluntarily* consider as the *midpoint between the maximum sentence and the minimum sentence.*" Ind.Code § 35–50–2–1.3(a) (emphases added). In conjunction with the addition of Indiana Code Section 35–50–2–1.3, the sections outlining the penalties for murder and felonies were reworded. *See* Ind.Code §§ 35–50–2–3 through –7. Accordingly, a person "who commits murder shall be imprisoned for a fixed term of between forty-five (45) and sixty-five (65) years, with the advisory sentence being fifty-five (55) years." Ind. Code § 35–50–2–3. Fifty-five years is not

only the advisory sentence but also the mathematical midpoint within the range of permissible sentences for murder. The same cannot be said, however, of the statutory sections that provide the permissible sentences for class A, B, C, or D felonies.

The advisory sentences specifically delineated in Indiana Code Sections 35–50–2–4 through –7 are not the mathematical midpoints between the maximum and minimum sentences. *See* Ind.Code § 35–50–2–4 (class A felony: fixed term between 20 and 50 years, advisory sentence 30 years; yet 35 is the true midpoint between 20 and 50); Ind.Code § 35–50–2–5 (class B felony: fixed term between 6 and 20 years, advisory sentence 10 years; yet 13 is the actual midpoint); Ind.Code § 35–50–2–6 (class C felony: fixed term between 2 and 8 years, advisory sentence 4 years; yet 5 is the mathematical midpoint); Ind.Code § 35–50–2–7 (class D felony: fixed term between 6 months and 3 years, advisory sentence 18 months; yet 21 months is the real midpoint).[4] The fact that the advisory sentences for class A, B, C, and D felonies do not equal the midway point of the respective sentencing ranges, while strange, does not change the fact that the "advisory sentence" is not a mandatory starting point.

█ Again, the relevant provision defines an advisory sentence as a *"guideline sentence that the court **may voluntarily** consider* as the midpoint between the maximum sentence and the minimum sentence." Ind.Code § 35–50–2–1.3(a) (bold and italic emphases added). Stated otherwise, a trial court is not required to use the statutory advisory sentence, or any other particular point for that matter, as a

---

4. Interestingly, the specific advisory sentences for class B (10 years), C (4 years), and D (18 months) felonies are the midpoints between the respective maximum sentences and *zero*. However, this is not true of class A felonies,

where 25 would be the midpoint between the maximum sentence and zero. Moreover, Indiana Code Section 35–50–2–1.3 speaks of the midpoint between the maximum sentence and *the minimum sentence.*

starting point in its sentencing considerations. Indeed, as our supreme court has instructed, "[a]fter the 2005 modifications, [Indiana sentencing] consists of only one discretionary determination." *Pedraza v. State*, 887 N.E.2d 77, 80 (Ind.2008). The days of a two-step process—starting with a "presumptive" sentence, then deciding whether any aggravators or mitigators warranted deviation therefrom—are over. *See id.* at 79–80. Thus, a sentence near the high end of the range is no longer an "enhanced sentence" in the sense that the former regime provided. *Id.* Further, while the trial court must still list those reasons it finds relevant to the sentence, "the correlation between those factors and the given sentence is not as precisely tailored as it was under the presumptive sentencing scheme." *Id.*

The "discretion trial courts are now afforded in imposing sentences is significantly broader than that existing under the prior statutes." *Anglemyer*, 868 N.E.2d at 490. This does not mean that a criminal defendant has no recourse in challenging a sentence. *Id.* at 491. An appellant may assert that a sentencing statement does not include reasonably detailed reasons or circumstances, that the court has abused its discretion by using improper/unsupported reasons or omitting reasons arguably supported by the record, and/or that the sentence is inappropriate under Indiana Appellate Rule 7(B). *Id.* However, if the sentencing statement is reasonably detailed, if the court did not abuse its discretion by using improper/unsupported reasons or omitting supported reasons, and if the sentence was within the statutory range and appropriate in light of nature of the offense and the character of the offender, then whether a judge started at the advisory sentence, at the actual mathematical midpoint, or elsewhere is of no moment. With that in mind, we address Richardson's remaining sentencing arguments.

██ Richardson faults the trial court for not assigning significant mitigating weight to both his guilty plea and his lack of serious criminal history. Given that Richardson's plea came one week before trial was scheduled to begin, that strong DNA and witness testimony was available, and that Richardson demonstrated a lack of remorse, the court was not required to assign the guilty plea significant mitigating weight. *See Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). As for criminal history, previously, Richardson was charged with class D felony theft, though he eventually pled guilty to a class A misdemeanor. Also, Richardson had a notice of probation violation filed against him. In a separate matter, he pled guilty to a class A misdemeanor (criminal conversion). In any event, the weight the trial court gives to such factors is not subject to appellate review. *Anglemyer*, 868 N.E.2d at 491. Furthermore, the court also focused on Richardson's extreme violation of trust as well as the particulars of the crime. In sum, Richardson has not demonstrated any abuse of discretion in the court's sentencing statement or rationale.

██ Turning to Richardson's final argument, we note that Indiana Appellate Rule 7(B) allows a court on review to revise a sentence if the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Rule 7(B) does not require us to be extremely deferential to a trial court's sentencing decision, we still give due consideration to that decision. *See Rutherford v. State*, 866 N.E.2d 867, 873 (Ind.Ct. App.2007) (recognizing the unique perspective a trial court brings to its sentencing decisions); *see also Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind.2008) ("sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference"). The defendant bears the burden of persuading the appellate court that his or her sentence

is inappropriate. *Krempetz v. State*, 872 N.E.2d 605, 616 (Ind.2007).

Regarding the nature of the offense, the advisory sentence is the starting point our legislature has selected as *an* appropriate sentence for the crime committed. *Anglemyer*, 868 N.E.2d at 494. As previously noted, rape and sexual conduct with a minor, both class B felonies, carry an advisory sentence of ten years, with a fixed term of between six years and twenty years. Ind.Code § 35–50–2–5. The court sentenced Richardson to fifteen years' imprisonment for his actions leading up to and including knowingly engaging in sexual intercourse with his fifteen-year-old niece when she was compelled by force or imminent threat of force, thereby violating the trust she had in her uncle. While not the most egregious circumstances, Richardson's conduct was described as "just sickening."[5] Sent. Tr. at 26.

■ Moving next to the question of character, we often look at criminal history. Our supreme court has emphasized that "the extent, if any, that a sentence

**5.** The affidavit of probable cause alleged that on or about September 3, 2007, the victim went to sleep at her grandmother's house. While his wife was away, Richardson got into bed with his young niece, exposed her breasts with his hand, put his hand down her pants, and inserted his finger in her vagina. Richardson then removed her tampon, got on top of her, and had sexual intercourse with her. Afraid that Richardson would hurt her, the victim initially pretended to be asleep. However, as Richardson had sex with her, the victim told him no and tried to push him off her.

As a side note, we point out that contrary to the parties' and judge's discussion during the guilty plea hearing, the two charged crimes did not necessarily have to "merge." That is, the facts alleged in the probable cause affidavit outlined two distinct acts: (1) Richardson's deviant conduct by use of his finger (sexual misconduct with a minor), and (2) his act of sexual intercourse (rape). Since the *same* conduct did not give rise to *two* different offenses, double jeopardy should not have been a problem. *See Brown v. State*, 459 N.E.2d 376, 378 (Ind.1984) ("When separate and distinct offenses occur, even when they are similar acts done many times to the same victim, they are chargeable individually as separate and distinct criminal conduct.... 'We do not approve any principle which exempts one from prosecution from all the crimes he commits because he sees fit to compound or multiply them. Such a principle would encourage the compounding and viciousness of the criminal acts.' ") (citation omitted).

Moreover, even if the two offenses arose out of one episode of criminal conduct, under certain circumstances, the court could have entered two judgments of conviction, two sentences, and an order that they be served consecutively. *See, e.g., Hancock v. State*, 768 N.E.2d 880 (Ind.2002) (affirming consecutive sentencing for rape and criminal deviate conduct, though reducing felony level of the criminal deviate conduct conviction); *see* Ind. Code § 35–50–1–2(c) (setting out considerations for a court making a determination as to concurrent or consecutive sentencing; "except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of [habitual], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class felony higher than the most serious of the felonies for which the persons is convicted"); *see also* Ind.Code § 35–50–1–2(b) (defining "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance"). However, that is not what transpired in this case.

Here, Richardson pled guilty to the court's verbatim reading of the charging information; that information generically tracked the two relevant statutes and arguably made it sound as if sexual intercourse was charged twice. In addition, the State, the defense, and the court all agreed during the proceedings that Richardson would only be sentenced on one count for the incident. They made their plea/sentencing decisions in reliance on that understanding. Accordingly, the court "merged" the offenses and only sentenced Richardson for one felony. The State has not argued for an additional sentence. While a future argument for an additional sentence

should be enhanced [based upon prior convictions] turns on the weight of an individual's criminal history." *Duncan v. State,* 857 N.E.2d 955, 959 (Ind.2006). "This weight is measured by the number of prior convictions and their gravity, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability." *Bryant v. State,* 841 N.E.2d 1154, 1156 (Ind.2006). Richardson's criminal history, which is neither insignificant nor extensive, does not reflect positively on his character.

Considering the revolting nature of his actions and his less than positive character, Richardson has failed to persuade us that the fifteen-year sentence is inappropriate.

Affirmed.

BRADFORD, J., and BROWN, J., concur.

may exist, *see Hardley v. State,* 905 N.E.2d 399 (Ind.2009), under these peculiar circumstances, it does not appear just.