**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 25 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BART BELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A05-1204-CR-219 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1201-FB-5

**October 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Bart Bell appeals the three-year sentence imposed following his guilty plea to theft[1] as a Class D felony. On appeal, Bell raises the following restated issues:

I.      Whether the trial court erred in failing to find that his guilty plea was a substantial mitigator; and

II.     Whether his sentence was inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

On December 30, 2011, Bell was involved in an argument with K.Y., a woman with whom he had had an on-and-off relationship for nine years. Bell was upset and left K.Y.'s residence, and K.Y. told him not to return. Bell, however, went back later to the residence and took $150 from K.Y.'s purse.

On January 4, 2012, the State charged Bell with burglary[3] as a Class B felony.[4] About two months later, the State added the following three counts: residential entry[5] as

---

[1] *See* Ind. Code § 35-43-4-2.

[2] The record on appeal does not include the guilty plea transcript, the charging information for theft, or any factual basis for the guilty plea. Like the State, we relate the facts as Bell explained them at his sentencing hearing. *Appellee's Br.* at 2 n.5.

[3] *See* Ind. Code § 35-43-2-1.

[4] Bell was originally charged with burglary as a Class C felony. *Appellant's App.* at 1, 29. The State, however, made an oral motion to amend the charging information to reflect the offense as a Class B felony. *Id.* Although the trial court's ruling on this motion is not in the record before us, Bell's attorney acknowledged the change when, during the sentencing hearing, he said "I understand that a B felony was dismissed as a result of [Bell's] plea . . . ." *Id.* at 14.

[5] *See* Ind. Code § 35-43-2-1.5.

a Class D felony, theft[6] as a Class D felony, and criminal trespass[7] as a Class A misdemeanor. On March 13, 2012, the date scheduled for the commencement of Bell's trial, Bell entered a plea of guilty to Class D felony theft, and the remaining charges were dismissed.

The trial court sentenced Bell to the Indiana Department of Correction for a period of three years executed, with credit time for 222 days. In its Sentencing Order, the trial Court found the following aggravating and mitigating circumstances:

> Court in considering mitigating and aggravating circumstances finds the defendant entered a plea of guilty but did so in return for three (3) other charges being dismissed.

> The Court finds as an aggravating circumstance, the defendant's extensive criminal history since 1986.

> Court also finds prior attempts at rehabilitation to deter the defendant have failed. Court believes defendant's risk to re-offend to be high.

> In considering mitigating and aggravating circumstances and the risk of defendant re-offending, the Court finds the imposition of an aggravated sentence to be appropriate.

*Appellant's App.* at 7-8. Bell now appeals.

## DISCUSSION AND DECISION

### I. Guilty Plea as Mitigating Factor

Bell contends that the trial court abused its discretion in sentencing him. The three-year sentence imposed by the trial court for Bell's Class D felony conviction falls

---

[6] *See* Ind. Code § 35-43-4-2.

[7] *See* Ind. Code § 35-43-2-2(a).

3

within the range authorized by statute. *See* Ind. Code § 35-50-2-7(a) (person who commits Class D felony shall be imprisoned for fixed term of between six months and three years). Therefore, Bell's sentence is subject to review only for abuse of discretion. *Richardson v. State,* 906 N.E.2d 241, 243 (Ind. Ct. App. 2009). "A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* Due consideration is given to the trial court's decision. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010).

Bell faults the trial court for not assigning significant mitigating weight to his guilty plea. The significance of a guilty plea as a mitigating factor varies from case to case. *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007). "For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea. *Id.* Furthermore, the State reaps little or no benefit from a guilty plea if the plea fails to conserve the State's resources. *See Cloum v. State,* 779 N.E.2d 84, 90 (Ind. Ct. App. 2002) (guilty plea can be significant mitigating factor when State reaps substantial benefit from defendant's plea; this act conserves State resources and relieves victim's family of pain of trial).

In its Sentencing Order, the trial court found: "Court in considering mitigating and aggravating circumstances finds the defendant entered a plea of guilty but did so in return for three (3) other charges being dismissed." *Appellant's App.* at 7. Bell argues that there is no evidence to support this finding. We disagree. The CCS reflects that

Count I burglary, Count II residential entry, and Count IV trespass, were all dismissed. *Id*. at 1. During the sentencing hearing, the trial judge noted that Bell pleaded guilty to theft, and "on that date . . . [the] State of Indiana . . . did move to dismiss Counts I, II and IV." *Tr*. at 4.[8] This language reflected the trial court's understanding that Bell pleaded guilty in exchange for the dismissal of three other counts; most importantly the State dismissed a Class B felony, the sentencing range of which is a fixed term between six years and twenty years. Ind. Code § 35-50-2-5. Given that Bell received a substantial benefit in return for his guilty plea and that Bell did not save the State resources when his plea was entered on the day his trial was scheduled to begin, the court was not required to assign the guilty plea significant mitigating weight. *See Richardson*, 906 N.E.2d at 246 (where defendant's plea came one week before trial, strong DNA and witness testimony was available, and defendant demonstrated lack of remorse, court was not required to assign guilty plea significant mitigating weight). In sum, Bell has not demonstrated that the trial court abused its discretion in failing to give significant mitigating weight to his guilty plea.

## II. Whether Sentence is Inappropriate

Bell contends that his three-year sentence is inappropriate in light of the nature of his offense and his character. "This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'"

---

[8] The sentencing hearing is the only transcript in the record before us; therefore, for ease of citation, we cite to the transcript of the sentencing hearing merely as "*Tr*."

*Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State,* 829 N.E.2d 572, 587 (Ind. Ct. App. 2005) (internal citations omitted), *trans. denied*, *cert. denied*, 547 U.S. 1026 (2006). The defendant bears the burden of persuading this court that the sentence imposed is inappropriate. *Serban v. State*, 959 N.E.2d 390, 393 (Ind. Ct. App. 2012).

As to the nature of the offense, Bell has failed to provide this court with the factual basis for his guilty plea. Bell "acknowledges the wrongfulness of his conduct," taking $150 from K.Y.'s wallet, yet characterizes it as "self-help restitution." *Appellant's Br.* at 5. While this may not have been the most egregious offense, Bell has not met his burden of proving that his sentence is inappropriate in light of the nature of the offense.

As to the character of the offender, Bell's attorney admitted at sentencing that "[Bell's] criminal history is substantial [and] lengthy." *Tr.* at 14. Bell, who was forty-seven years old at the time of sentencing, has a criminal history dating back to 1986. *Appellant's App.* at 15. He has nine felony convictions, including theft in 1993, theft in 2001, theft in 2005, robbery in 2005, and attempted auto theft in 2008, and twenty-six misdemeanor convictions, including conversion in 2003. *Id.* at 17-23. Bell's pre-sentence investigation report also indicates that Bell "has violated his probation on several occasions and has had several violations of other programs ordered by the Court in the past." *Id.* at 25.

6

Bell contends that he has attended college and his character has changed "from the road of alcohol abuse he started at age sixteen (16)." *Appellant's Br.* at 5. While we hope this is true, we are unpersuaded that this impacts the appropriateness of his sentence. Although the nature of Bell's offense may have been unremarkable, he has failed to show that his three-year sentence is inappropriate in light of character, given his extensive criminal history.

Affirmed.

NAJAM, J., and MAY, J., concur.