## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2017, 11:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mary P. Lake
LaPorte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jt.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Martell J. Anderson,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

May 31, 2017

Court of Appeals Case No.
46A03-1701-CR-108

Appeal from the LaPorte Superior Court

The Hon. Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1211-MR-545

**Bradford, Judge.**

# Case Summary

[1] In November of 2012, Appellant-Defendant Martell Anderson and three others participated in the robbery of Gerald Peters. During the robbery, Anderson struck Peters several times with a baseball bat, causing serious bodily injuries which proved fatal. The State initially charged Anderson with murder, felony murder, and Class A felony robbery that resulted in serious bodily injury. Ultimately, Anderson pled guilty to Class A felony robbery and agreed to cooperate in the prosecution of his codefendants in exchange for the dismissal of the murder and felony murder counts. In August of 2016, the trial court sentenced Anderson to fifty years of incarceration. In so doing, the trial court found that the aggravating circumstances far outweighed the mitigating. Anderson contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriately harsh. Because we disagree with both contentions, we affirm.

# Facts and Procedural History

[2] On November 8, 2012, Anderson, along with Mjoseph Basford, Ryan Phelps, and Trevon Walker, went to the Michigan City home of sixty-nine-year-old Peters with the intent to rob him. Phelps planned to go inside and leave the backdoor open for the others to enter and take gold and televisions from Peters. Once the quartet was inside, Phelps lured Peters downstairs, where Basford struck him with a bottle, knocking him down. While others went upstairs to look for items to steal, Anderson stole one of Peters's credit cards. When Peters

appeared to be attempting to get up, Anderson struck him multiple times with a baseball bat, causing serious bodily injury to which Peters eventually succumbed. Phelps turned on the gas stove in the kitchen in an attempt to blow up the house, and the quartet left in Peters's car.

[3] On November 8, 2012, the State charged Anderson with murder, felony murder, and Class A felony robbery that resulted in serious bodily injury. On November 14, 2013, Anderson pled guilty to Class A felony robbery pursuant to a plea agreement. The plea agreement provided that, in exchange for Anderson cooperating in the prosecution of his three codefendants and pleading guilty to Class A felony robbery, the State would dismiss the murder and felony murder charges. On December 31, 2015, following a sentencing hearing, the trial court rejected the plea agreement.

[4] On January 20, 2016, the parties submitted a new plea agreement, which the trial court accepted. Once the terms of the new agreement were satisfied, the trial court held another sentencing hearing on August 17, 2016. The trial court found the following aggravating circumstances: (1) Anderson was in need of correctional and or rehabilitative treatment best provided by commitment to a penal facility; (2) Anderson was most responsible for the death of Peters; (3) a reduced or suspended sentence would depreciate the seriousness of the crime given Anderson's responsibility; (4) the victim of the crime was at least sixty-five years of age; (5) Anderson used more force than necessary to commit Class A felony robbery; and (6) the brutality of the injuries, pain, and suffering endured by Peters before he died reflect a callous disregard for human life.

The court found mitigating factors in Anderson's age of sixteen at the time of the commission of the crime, lack of significant criminal history, guilty plea, and cooperation and assistance in the prosecution of his codefendants. The trial court additionally found that Anderson received a substantial benefit from his plea agreement which dismissed charges of murder and felony murder and that the aggravating circumstances far outweighed the mitigating circumstances. The trial court sentenced Anderson to fifty years of incarceration, stating in its sentencing order that

> [t]he court finds that the Aggravating circumstances far outweigh the Mitigating circumstances and hereby sentences the Defendant within the parameters of the Plea Agreement to the Indiana Department of Correction for a period of Fifty (50) years; fully executed and with none suspended. The Court is not imposing the maximum sentence because it disagrees with the decision of the Prosecuting Attorney to dismiss the Murder and Felony Murder charges; nor does the Court believe that the imposition of anything less than the maximum sentence would provide the rationale to justify the plea agreement.
>
> In its simplest terms, the maximum sentence within the parameters of the Plea Agreement is warranted under the circumstances.

Conf. App. Vol. II p. 93. Anderson contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriately harsh.

# Discussion and Decision

# I. Abuse of Discretion

[6] Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion. *Id*. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

[7] A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence–including a finding of aggravating and mitigating factors if any–but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490-91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id*. There is no requirement that a trial court generate a list of aggravating and mitigating circumstances, only that it state reasonably detailed reasons. *Id.* at 490. A single aggravating factor can support upper-level sentences. *See Willey v. State*,

712, N.E.2d 434, 446 (Ind. 1999) (stating that a single aggravating circumstance may be sufficient to support an enhanced sentence). Although material elements of the crime may not be considered as aggravating factors at sentencing, the particularized circumstances of the elements properly may be considered as such. *See, e.g., McElroy v. State*, 865 N.E.2d 584, 598-99 (Ind. 2007); *Scott v. State*, 840 N.E.2d 376, 382 (Ind. Ct. App. 2006).

## A. Aggravating Circumstances

[8]   As previously mentioned, the trial court found the following aggravating circumstances: (1) Anderson was in need of correctional and or rehabilitative treatment best provided by commitment to a penal facility; (2) Anderson was most responsible for the death of Peters; (3) a reduced or suspended sentence would depreciate the seriousness of the crime given Anderson's responsibility; (4) the victim of the crime was at least sixty-five years of age; (5) Anderson used more force than necessary to commit Class A felony robbery; and (6) the brutality of the injuries, pain, and suffering endured by Peters before he died reflect a callous disregard for human life.

[9]   Anderson argues that we should "merge" aggravating circumstances (2), (5), and (6) because they are all encompassed by Indiana Code section 35-38-1-7.1(a)(1), which states: "The harm, injury, loss, or damage suffered by the victim of an offense was: (A) significant; and (B) greater than the elements necessary to prove the commission of the offense." We find no abuse of discretion here. The question of whether Anderson used more force than necessary to establish Class A felony robbery is separate from the questions of

whether he was primarily responsible for Peters's death and his callous disregard for human life. Put another way, Anderson could easily have satisfied the statutory aggravating circumstance of greater force than necessary without being the only one who beat Peters with a baseball bat and without the beating being so brutal and unnecessary. In any event, even if we were to accept Anderson's invitation to "merge" three of the six aggravating circumstances found by the trial court into one, Anderson has not shaken our confidence that the trial court's sentence would be the same, given that "a single aggravating circumstance may be sufficient to support an enhanced sentence." *Willey*, 712 N.E.2d at 446.

Anderson also argues that there was no evidence that he was in need of correctional or rehabilitative treatment that could best be provided by commitment to a penal facility. Anderson himself does not dispute the *need* for commitment to a penal facility, as he himself argued in favor of a thirty-year sentence, as opposed to the fifty-year sentence imposed by the trial court. Moreover, Anderson's witness Dr. James Garbarino, Ph.D., testified that he had interviewed many men who had committed heinous crimes as teenagers who were rehabilitated following lengthy prison sentences. If anything, this evidence supports the conclusion that Anderson would likely benefit from a lengthy prison sentence.

## B. Mitigating Circumstances

Anderson does not argue that the trial court overlooked any significant mitigating circumstances, asserting only the trial court failed to give sufficient

weight to his lack of significant criminal history, youth, and guilty plea. However, "trial courts no longer have any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence." *Richardson v. State*, 906 N.E.2d 241, 243 (Ind. Ct. App. 2009). The amount of weight given to mitigating factors is thus no longer a cognizable issue on appeal and cannot support an abuse of discretion claim. *See Anglemyer*, 868 N.E.2d at 491. Anderson has failed to establish that the trial court abused its discretion in sentencing him.

## II. Appropriateness of Sentence

[12]   We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique

perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). As mentioned, the trial court sentenced Anderson to a maximum sentence of fifty years of incarceration for Class A felony robbery resulting in serious bodily injury.

[13] The nature of Anderson's offense easily justifies his maximum sentence. Anderson was involved in a plan to rob the sixty-nine-year-old Peters, which involved luring him down into the basement and repeatedly beating him with a baseball bat. When Peters began to get up off the floor following a series of beatings, Anderson beat him to death with a baseball bat. In short, the nature of Anderson's offense is that of appallingly senseless violence. Anderson's Class A felony robbery conviction is based on facts that go way beyond the typical scenario in which a victim is punched or knocked down and has his or her wallet stolen. Anderson and his accomplices had many options for carrying out the robbery, but instead of breaking in while Peters was not at home, or, perhaps, tying him up to prevent his interference, Anderson chose to beat him to death. The nature of Anderson's offense reasonably justifies his enhanced sentence.

[14] Anderson's character also justifies his enhanced sentence, being that of a highly dangerous person who, despite a stable upbringing and virtually no prior history of violence, went directly to bludgeoning an elderly man to death with a baseball bat during a robbery. Anderson argues that his guilty plea and cooperation with authorities are evidence of good character. Considering the very substantial benefit Anderson received in exchange for his plea and

cooperation, we disagree. The State dismissed murder and felony murder charges against Anderson; had Anderson been convicted of either charge, he was facing a maximum sentence of sixty-five years of incarceration. *See* Ind. Code §§ 35-50-2-3; 35-42-1-1. At the very least, Anderson lessened his potential exposure by the fifteen additional years of incarceration he could have received for murder or felony murder. Anderson's character reasonably justifies his enhanced sentence. Anderson has failed to establish that his fifty-year sentence for Class A felony robbery is inappropriate considering the nature of his offense and his character.

[15] We affirm the judgment of the trial court.

Najam, J., and Riley, J., concur.