## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

09/06/2017, 10:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mark K. Leeman
Logansport, Indiana

Andrew A. Achey
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura Renee Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas A. Roper,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 6, 2017

Court of Appeals Case No.
09A04-1704-CR-718

Appeal from the Cass Superior Court

The Honorable Richard A. Maughmer, Judge

Trial Court Cause No.
09D02-1404-FC-9

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Thomas A. Roper (Roper), appeals his sentence following his conviction for intimidation with the use of a deadly weapon, a Class C felony, Ind. Code § 35-45-2-1(a)(2),(b)(2)(A) (2013).

We affirm.

## ISSUES

Roper raises one issue, which we restate as the following two issues:

(1) Whether the trial court abused its discretion in sentencing Roper by failing to consider certain mitigating evidence; and

(2) Whether Roper's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On the evening of April 3, 2014, the Cass County Sheriff's Department was dispatched to the Logansport, Indiana, home of Roper based on a report that Roper had threatened his then-roommate with a firearm. According to Roper, he and his roommate had been involved in a "huge argument," and he "was throwing her out" of the house. (Plea Tr. p. 9). Roper admittedly pointed the gun at his roommate in order to scare her.

On April 7, 2014, the State filed an Information, charging Roper with Count I, intimidation with the use of a deadly weapon, a Class C felony, I.C. § 35-45-2-1(a)(2),(b)(2)(A) (2013); Count II, pointing a firearm, a Class D felony, I.C. §

35-47-4-3(b) (2013); Count III, possession of marijuana with a prior conviction, a Class D felony, I.C. § 35-48-4-11(1) (2013); Count IV, maintaining a common nuisance, a Class D felony, I.C. § 35-48-4-13(b)(1) (2013); and Count V, possession of paraphernalia, a Class A misdemeanor, I.C. § 35-48-4-8.3(a)(1),(b) (2013). On January 23, 2015, the State additionally charged Roper with Count VI, criminal confinement, a Class B felony, I.C. § 35-42-3-3(a)(1),(b)(2)(A) (2013).

[6] On February 21, 2017, Roper pled guilty to Count I, intimidation as a Class C felony. The same day, the State moved to dismiss Counts II through VI. The trial court accepted Roper's open guilty plea and entered a judgment of conviction for one Count of intimidation as a Class C felony. On March 21, 2017, the trial court held a sentencing hearing and ordered Roper to execute eight years in the Indiana Department of Correction.

[7] Roper now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Abuse of Sentencing Discretion*

[8] Roper claims that the trial court abused its discretion by failing to identify his mental health issues as a mitigating factor in formulating his sentence. Sentencing decisions are a matter of trial court discretion and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). It is an abuse of discretion if the trial court's decision "is 'clearly against the logic and effect of the facts and

circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). In order to "guard[] against arbitrary and capricious sentencing" and "provide[] an adequate basis for appellate review," trial courts are required, for all felony offenses, to enter sentencing statements that "include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id.* at 489-90. A trial court "may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating factors." *Id.* at 489. However, if the trial court "'finds' the existence of 'aggravating circumstances or mitigating circumstances' then the trial court is required to give 'a statement of the court's reasons for selecting the sentence that it imposes.'" *Id.* at 490 (quoting I.C. § 35-38-1-3(3)).

[9] On appeal, a trial court may be found to have abused its discretion by failing to enter a sentencing statement at all; entering a sentencing statement that explains its reasons for imposing a sentence where such reasons are not supported by the record or are improper as a matter of law; or entering a sentencing statement that omits reasons which are clearly supported by the record and advanced for consideration. *Id.* at 490-91. A trial court may not be said to have abused its discretion by failing to properly weigh aggravating and mitigating factors. *Id.* at 491. Additionally, a trial court is under no obligation "to accept a defendant's claim as to what constitutes a mitigating circumstance." *Weedman v. State*, 21 N.E.3d 873, 893 (Ind. Ct. App. 2014), *trans. denied*. In fact, "[w]here the trial court does not find the existence of a mitigating factor after it has been argued

by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Phelps v. State*, 969 N.E.2d 1009, 1019 (Ind. Ct. App. 2012), *trans. denied*. "A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Weedman*, 21 N.E.3d at 893. Ultimately, if we find that the trial court has abused its sentencing discretion, our court will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[10] "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) years and eight (8) years, with the advisory sentence being four (4) years." I.C. § 35-50-2-6(a) (2013). In this case, the trial court imposed the maximum eight-year sentence for Roper's intimidation conviction. During the sentencing hearing, the trial court identified Roper's guilty plea "on the verge of trial" as a factor in mitigation. (Sentencing Tr. p. 8). However, the trial court found as aggravating circumstances that Roper has a history of criminal and delinquent behavior and that he had recently violated a condition of probation. The trial court found the aggravating factors to "substantially" outweigh those tending to mitigate. (Sentencing Tr. p. 8). Roper now claims that the trial court abused its discretion because it's sentencing statement "did not make any reference to Rope's mental health despite the issue being raised

[during the sentencing hearing] and identified in the pre-sentence [investigation] [PSI] report." (Appellant's Br. p. 14).

[11] "Mental illness is not necessarily a significant mitigating factor; 'rather, [it] is a mitigating factor to be used in certain circumstances, such as when the evidence demonstrates longstanding mental health issues or when the jury finds that a defendant is mentally ill.'" *Townsend v. State*, 45 N.E.3d 821, 831 (Ind. Ct. App. 2015) (alteration in original), *trans. denied*. "[I]n order for a [defendant's] mental history to provide a basis for establishing a mitigating factor, there must be a nexus between the defendant's mental health and the crime in question." *Weedman*, 21 N.E.3d at 894 (second alteration in original).

[12] Although he did not specifically identify his mental health issues as a mitigating factor for the trial court to consider, during the sentencing hearing, Roper did argue that some of the "recent incidents that have taken place"—*i.e.*, Roper angrily lashed out at the probation officer who prepared the PSI report and subsequently attempted to confront said probation officer prior to the sentencing hearing—"could ultimately be accounted for based on his paranoid schizophrenia." (Sentencing Tr. p. 7). During the PSI interview, Roper self-reported that he had previously received outpatient mental health treatment for his diagnoses of bipolar disorder and paranoid schizophrenia. Roper also claimed to suffer from posttraumatic stress disorder. No supporting evidence of such diagnoses was presented to the court. Also, Roper's self-reported mental health issues are directly contradicted by his testimony during his guilty plea hearing, wherein he affirmed that he suffers from no mental or emotional

disability and has never been treated for any mental illness. Thus, Roper failed to establish a "longstanding mental health issue[]" that is significant and clearly supported by the record. *Townsend*, 45 N.E.3d at 831.

[13] Furthermore, Roper offered no evidence linking his purported mental health issues to his commission of the intimidation offense. *See Weedman*, 21 N.E.3d at 894. During his PSI interview, Roper stated that he had dreams of hurting his former roommate and declared, "I hope the bitch that did this burns in hell. I didn't do this." (Appellant's Conf. App. Vol. II, p. 166). Other than displaying "an obvious anger problem" and reflecting wrathfully about a crime that he committed nearly three years prior to his PSI interview, Roper offered no evidence that his mental health issues motivated his crime or that they affected his ability to control his behavior at the time of the crime. (Appellant's Conf. App. Vol. II, p. 166); *Phelps*, 969 N.E.2d at 1019-20; *Steinberg v. State*, 941 N.E.2d 515, 534 (Ind. Ct. App. 2011), *trans. denied.* Accordingly, we find that it was well within the discretion of the trial court to reject Roper's mental health issues as a mitigating circumstance.

## II. *Inappropriate Sentence*

[14] Roper also claims that his eight-year sentence is inappropriate. In cases where a trial court imposes a sentence that is authorized by statute, our court may revise the sentence if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Appellate Rule 7(B) provides for sentence review in an "attempt to leaven the outliers, and identify

some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Ultimately, "whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id.* Roper bears the burden of persuading this court that his sentence is inappropriate. *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014).

[15] "[T]he advisory sentence is the starting point [that] our legislature has selected as [an] appropriate sentence for the crime committed." *Richardson v. State*, 906 N.E.2d 241, 247 (Ind. Ct. App. 2009) (citing *Anglemyer*, 868 N.E.2d at 494). As already noted, the advisory sentence for intimidation as a Class C felony is four years, with a minimum term of two years and a maximum term of eight years. I.C. § 35-50-2-6(a) (2013). The trial court imposed the maximum sentence, but based on his mental illness and the limited information available about the facts in this case, Roper contends that his sentence should be reduced to five years, with two-and-one-half years suspended to probation.

[16] With respect to the nature of the offense, we agree with Roper that the facts presented in this case were limited. It is clear that, while arguing with his roommate, Roper became enraged and used a firearm in an attempt to scare her. Based on the police investigation, Roper was charged with several other

offenses, including several drug-related offenses. However, these charges were all dismissed in exchange for his guilty plea. Nevertheless, evidence concerning Roper's character clearly establishes that he did not receive an inappropriate sentence. Roper has an extensive criminal history, dating back to age ten when he was arrested for theft. As an adult, he amassed thirteen misdemeanor convictions and six felony convictions. His criminal resume includes convictions for battery (multiple), possession of stolen property, improper exhibition of a firearm, carrying a concealed weapon, disorderly conduct, larceny (multiple), burglary, driving under the influence and with a suspended license, fraud/impersonation, resisting arrest, failure to register as a convicted felon, possession of marijuana and paraphernalia, felon in possession of a firearm, and escape. He has served time in jail and in prison in both Florida and Indiana, as well as federal prison. Roper also has repeatedly violated probation in these cases.

[17] We are unpersuaded by Roper's attempt to excuse his criminal history as being the result of his mental illness. Roper lacks credibility regarding his self-reported mental health diagnoses, and there is no evidence in the record that any such mental illness prevents him from leading a law-abiding life. Roper has repeatedly demonstrated his uncontrolled anger. Aside from the unchecked anger that resulted in the present conviction, Roper was belligerent with the probation officer during the PSI interview, and he even attempted to subsequently confront the probation officer about the effect her report would have on his sentence. Roper has repeatedly shown himself to be deceitful, and

he clearly lacks respect for the law. Therefore, we cannot say that Roper's eight-year sentence is inappropriate in light of the nature of the offense and his character.

# CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its sentencing discretion in considering mitigating factors, and Roper's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

Robb, J. and Pyle, J. concur