## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 27 2017, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael L. Cope, II, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 27, 2017 <br><br> Court of Appeals Case No. <br> 79A02-1708-CR-1752 <br><br> Appeal from the Tippecanoe <br> Superior Court <br><br> The Honorable Steven Meyer, <br> Judge <br><br> Trial Court Cause No. <br> 79D02-1705-F4-25 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Michael L. Cope II (Cope), appeals his sentence following his conviction for possession of a firearm by a serious violent felon, a Level 4 felony, Ind. Code § 35-47-4-5(c).

We affirm.

# ISSUES

Cope raises two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its sentencing discretion; and

(2) Whether Cope's sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

In March or April of 2017, Cope obtained a handgun, purportedly to keep at home for self-protection. In May of 2017, Cope's wife moved out of their home, taking her fifteen-year-old daughter and their seven shared children with her. Based on allegations of domestic violence and methamphetamine use against him, Cope believed that his wife intended to seek an order of protection to prevent him from seeing the children. On May 23, 2017, the Lafayette Police Department received a report that Cope was in possession of a firearm and intended to kidnap his fifteen-year-old step-daughter from the residence where his wife and the children were staying. Upon investigation, the officers discovered Cope inside a parked vehicle in close proximity to his family. Following a pat-down, the officers recovered a loaded .45 caliber semi-

automatic handgun from Cope's waistband. Due to a prior felony conviction, Cope is disqualified from possessing a firearm.

[5] On May 30, 2017, the State filed an Information, charging Cope with Count I, unlawful possession of a firearm by a serious violent felon, a Level 4 felony, I.C. § 35-47-4-5(c); Count II, carrying a handgun without a license, a Class A misdemeanor; Count III, theft, a Class A misdemeanor, I.C. § 35-43-4-2(a); and Count IV, carrying a handgun without a license with a prior felony conviction, a Level 5 felony, I.C. § 35-47-2-1(e)(1). On June 15, 2017, Cope entered into a plea agreement with the State, pursuant to which he agreed to plead guilty to Count I, possession of a firearm by a serious violent felon as a Level 4 felony. In exchange, the State would dismiss the remaining charges. The plea agreement stipulated that sentencing would be left to the discretion of the trial court. That day, the trial court conducted a hearing. The trial court found that Cope understood the nature of his charges and the impact of pleading guilty, and the trial court determined that Cope's plea was freely and voluntarily made and supported by a factual basis. The trial court took Cope's guilty plea under advisement. On July 5, 2017, the trial court held a sentencing hearing, at which time it accepted Cope's guilty plea and entered a judgment of conviction for a Level 4 felony for possession of a firearm by a serious violent felon. The trial court sentenced Cope to serve seven years, with four years executed in the Indiana Department of Correction and three years suspended to supervised probation.

[6] Cope now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Trial Court's Sentencing Discretion*

[7] Cope claims that the trial court abused its discretion in sentencing him to seven years. Sentencing decisions are a matter of trial court discretion and are reviewed on appeal only for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). A trial court abuses its discretion if its decision "is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court "may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating factors." *Id.* at 489. If the trial court "'finds' the existence of 'aggravating circumstances or mitigating circumstances' then the trial court is required to give 'a statement of the court's reasons for selecting the sentence that it imposes.'" *Id.* at 490 (quoting I.C. § 35-38-1-3(3)).

[8] On appeal, a trial court may be found to have abused its discretion by failing to enter a sentencing statement at all; entering a sentencing statement that explains its reasons for imposing a sentence where such reasons are not supported by the record or are improper as a matter of law; or entering a sentencing statement that omits reasons which are clearly supported by the record and advanced for consideration. *Id.* at 490-91. A trial court does not abuse its discretion by failing to properly weigh aggravating and mitigating factors. *Id.* at 491. If we find that the trial court has abused its sentencing discretion, our court will

remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.*

[9] Possession of a firearm by a serious violent felon, as a Level 4 felony, is punishable by a fixed term of imprisonment "of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." I.C. § 35-50-2-5.5. In this case, as factors warranting an aggravated sentence, the trial court cited Cope's prior criminal history and "consider[ed] the circumstances that surrounded this particular offense"—specifically, the evidence indicating that Cope's wife lived in fear of him and that Cope was in possession of the firearm in order to kidnap his stepdaughter. (Tr. p. 42). As mitigating circumstances, the trial court identified the fact that Cope pled guilty and did so "in a timely fashion." (Tr. p. 43). The trial court further found that Cope "seems to be able to maintain good employment when he is working[,]" and he "cooperated with law enforcement to a certain extent." (Tr. p. 43). However, the trial court noted that Cope's cooperation was diminished by the fact that he was not "completely honest and forth[]coming about the circumstances that [led] up to this particular offense." (Tr. p. 44). Accordingly, the trial court concluded that the aggravating factors outweighed the mitigating factors and imposed a slightly aggravated sentence of seven years.

[10] Cope now contends that the trial court abused its discretion by declining to consider an additional statutory mitigating factor: that his incarceration will result in undue hardship to his dependents. *See* I.C. § 35-38-1-7.1(b)(10)

(allowing the trial court to consider in mitigation that incarceration "will result in undue hardship to the person or the dependents of the person"). It is well established that a trial court is under no obligation "to accept a defendant's claim as to what constitutes a mitigating circumstance." *Weedman v. State*, 21 N.E.3d 873, 893 (Ind. Ct. App. 2014), *trans. denied*. "Where the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Phelps v. State*, 969 N.E.2d 1009, 1019 (Ind. Ct. App. 2012), *trans. denied*. "A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Weedman*, 21 N.E.3d at 893.

[11] In response to Cope's proffered mitigating circumstance, the trial court stated:

> [F]irst of all [the children] are not in his custody because juvenile court has stepped in and uh, taken that.[1] Second of all, it appears to me if you've got a prior conviction as a serious violent felon and you knowingly possess a gun and you know you have these seven (7) children to support you know that you are jeopardizing that situation. You are jeopardizing that relationship and that ability to support the children. So, sometimes people come in here and they say, well you know [undue] or long term incarceration will cause an [undue] hardship upon my children, but yet you knew you had those children. You knew you had the duty to support them, and an obligation to support them at the time you took possession of this

---

[1] On May 24, 2017, the Indiana Department of Child Services initiated Child in Need of Services proceedings for Cope's seven children and placed them in the care of relatives.

gun whether it was from your nephew for protection or whether it was [for] some ulterior motive, you made that conscious decision and so it is a little disingenuous I think in this particular circumstance to come in and argue it would cause [undue] hardship on the children when in fact your own actions created this situation.

(Tr. p. 44). According to Cope, the trial court's "rationale is not a valid reason to disregard undue hardship as a mitigating circumstance" in light of the substantial evidence that, prior to this crime, Cope was gainfully employed and supported his children, which he will no longer be able to do. (Appellant's Br. p. 10). Cope insists that

> [k]nowingly committing a crime does not negate the fact that imprisonment from said crime may result in an undue hardship to one's dependents. If the trial court's reason for refusing to consider hardship on dependents were legitimate, then there would *never* be a case in which undue hardship was identified as a mitigating circumstance.

(Appellant's Br. p. 10).

[12] We agree with Cope that the evidence could support a finding that his incarceration will result in an undue hardship to his dependents. Cope is thirty-three years old and is the biological father of seven children with his now-estranged wife. His pre-sentence investigation report establishes that he had maintained gainful employment and was financially stable prior to his incarceration. Before Cope's wife and the children left the marital home, Cope had supported the family. Cope's wife was unemployed and, as a consequence

of Cope's arrest and other unknown factors, the children were taken into protective custody. Thus, that Cope's children will suffer an undue hardship—although the result of his own actions—is likely. Regardless, we decline Cope's request to remand for resentencing on this basis. In sentencing Cope to only one year beyond the advisory term, the trial court found multiple aggravating factors and was particularly perturbed with respect to the circumstances surrounding Cope's crime. Therefore, we cannot say that the trial court would have imposed a different sentence even if it had accepted Cope's proffered mitigating circumstance. *See Anglemyer*, 868 N.E.2d at 491.

## II. *Inappropriate Sentence Review*

Cope also claims that his seven-year sentence is inappropriate. As we previously indicated, "'sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference.'" *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). However, our court may revise a statutorily permissible sentence if, "after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

Appellate Rule 7(B) provides for sentence review in an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Ultimately, "whether we regard a sentence as appropriate at the end of the day turns on our

sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id.* Cope bears the burden of persuading this court that his sentence is inappropriate. *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). Cope seeks a reduction in his sentence to six years, with three years executed in the Department of Correction and three years suspended to probation.

[15] With respect to the nature of the offense, "the advisory sentence is the starting point [that] our legislature has selected as [an] appropriate sentence for the crime committed." *Richardson v. State*, 906 N.E.2d 241, 247 (Ind. Ct. App. 2009). Here, the trial court sentenced Cope to seven years for a crime that carries an advisory term of six years. I.C. § 35-50-2-5.5. The trial court ordered Cope to execute four years and suspended the remaining three years to probation. Cope now claims that this is inappropriate because his "offense is less egregious than a 'typical' offense of unlawful possession of a firearm" in that he "possessed only a single firearm for home protection. The firearm was not stolen, and there is no evidence Cope ever fired the handgun." (Appellant's Br. pp. 11-12). However, the record indicates that after Cope's wife, fearing for her safety, took the children and left the marital home, Cope's brother reported to the police that Cope had hatched a plan to kidnap his stepdaughter. When the police officers investigated, they found Cope asleep in a parked vehicle just a few houses down from where his estranged wife and children, including the

stepdaughter, were staying. Cope denied that he intended to kidnap the minor girl, but despite his status as a convicted felon and his knowledge that he was prohibited from possessing firearms, Cope was carrying a loaded .45 caliber semi-automatic handgun in his waistband.

[16] Turning to his character, Cope argues that a reduction in his sentence is warranted because he took responsibility for his actions and pled guilty; he is educated and capable of working, even evidencing a strong work history; he is involved in his community; and he has a strong desire to reestablish his relationship with his children. While redeemable qualities, we do not find that they rise to the level of revising a sentence, especially in light of his less-than-admirable traits. Although it is not the most notorious of criminal records this court has seen, Cope's criminal history demonstrates his lack of respect for court authority and refusal to lead a law-abiding life. He has prior misdemeanor convictions for possession of marijuana and operating a vehicle without having ever received a license, in 2002 and 2004 respectively, as well as felony convictions for dealing in a controlled substance and auto theft, both in 2002. Cope has a host of other arrests on his record and has had his probation revoked on two prior occasions. While we recognize that there is a significant gap between his last conviction in 2004 and the present offense, the evidence does not support a finding that he lived as an upstanding citizen during that time. Rather, Cope admitted to a history of using marijuana, mushrooms and methamphetamine—specifying that he had used methamphetamine approximately one week before the incident resulting in his present conviction.

Furthermore, while not charged in relation to any instances of domestic violence, Cope's estranged wife testified during the sentencing hearing that she lives in fear of him, and the trial court found such a fear to be reasonable based on "the fact that she was trying to escape an abusive relationship and then [Cope was] found near the residence of where she was hiding with this loaded gun." (Tr. p. 45). Accordingly, we cannot say that Cope's sentence is inappropriate in light of the nature of the offense and his character.

# CONCLUSION

[17] Based on the foregoing, we decline to remand the case for resentencing based on an abuse of the trial court's discretion, and we conclude that Cope's sentence is not inappropriate in light of the nature of the offense and his character.

[18] Affirmed.

[19] Baker, J. and Brown, J. concur